Dawson Morton (SBN 802667, Registered Legal Services Attorney)
R. Erandi Zamora (SBN 281929)
Alexandra Revelas (SBN 305201)
California Rural Legal Assistance Foundation
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN GUZMAN-PADILLA and CIPRIANO BENITES, individually and on behalf of all others similarly situated. | No. _____ |
| Plaintiff, | **CLASS ACTION** |
| v. | **COMPLAINT FOR DAMAGES, PENALTIES, AND INJUNCTIVE RELIEF** |
| GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a G & H DAIRY | 1. Violation of 42 U.S.C. § 1981 (discrimination in contract) |
| Defendant. | 2. Violation of the California Business and Professions Code §§ 17200 et. seq (Unfair Competition Law) |

1. Violation of 42 U.S.C. § 1981 (discrimination in contract)
2. Violation of the California Business and Professions Code §§ 17200 et. seq (Unfair Competition Law)
3. Failure to Pay minimum wage (Cal. Labor Code §§ 1182.11-1182.13, 1197 and Wage Order 14)
4. Failure to Pay Overtime Premiums (Cal. Labor Code § 1198; Wage Order 14)
5. Failure to provide adequate meal and rest periods (Cal. Labor Code § 226.7, Wage Order 14)
6. Failure to reimburse employees for work-related expenses (Cal. Labor Code §2802; Wage Order 14)
7. Failure to provide adequate itemized wage statements (Cal. Labor Code § 226)
8. Failure to pay all wages owed or waiting time penalties (Cal Labor Code §§§ 201, 202, 203)
9. Violation of the California Fair Employment and Housing Act (Cal. Gov't Code § 12955)

CLASS ACTION COMPLAINT
1

10. Violation of the Unruh Act (Cal. Civ. Code § 51)

**DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1.      Plaintiffs are Spanish-speaking immigrant Mexican dairy workers who were employed by Defendants at G & H Dairy in Escalon, California.  Plaintiffs allege that Defendants discriminatorily recruited and hired immigrant Mexican laborers to whom they provided only unlawful pay, illegal working conditions, and substandard housing knowing that the immigrant laborers lacked employment and housing opportunities and were unlikely to complain or demand that Defendants comply with the law.

2.      Plaintiffs file this action to secure and vindicate their rights to be free from discriminatory treatment in their work and housing. Plaintiffs bring claims for violations of 42 U.S.C. § 1981 (discrimination on the basis of race and alienage in employment), the California Business and Professions Code (§17200 *et seq.,* Unfair Competition Law), the California Labor Code, the California Unruh Act (Cal. Civ. Code § 51), and the California Fair Employment and Housing Act (Cal. Gov't Code § 12955).

3.      Defendants paid Plaintiffs and similarly situated immigrant employees a set biweekly wage which violated the California Labor Code and applicable Wage Order by failing to compensate Plaintiffs for all hours worked and denying Plaintiffs overtime premiums to which they were entitled.   Defendants also failed to provide legally required rest periods and meal periods, and to provide premium pay for these missed rest and meal periods, as required by California law. Additionally, Defendants' did not reimburse

2

CLASS ACTION COMPLAINT

employees for work-related expenses and did not provide Plaintiffs with accurate itemized wage statements which listed their hours worked and the applicable wage rate.

4.    Defendants' actions also violated the California Business and Professions Code §§ 17200 *et seq.* by engaging in employment practices that violated state law.  These practices have unjustly enriched the Defendants, providing them with a competitive advantage in the dairy industry that is contrary to California law and public policy.

5.    Similarly, Defendants violated the California Fair Employment and Housing Act (Cal. Gov't Code § 12955 *et seq.*) and the Unruh Act (Cal. Civ. Code § 51) by providing sub-standard and hazardous housing to Plaintiffs and similarly situated persons because of their perceived exploitability as immigrant Mexican workers. Defendants refused to repair properties or provide basic services to Plaintiffs because of their race, status as aliens, and/or their national origin.

6.    Defendants' actions violated 42 U.S.C. § 1981 by intentionally recruiting, hiring, and systematically underpaying solely Mexican immigrant laborers to staff their dairies, on the belief that they would quietly accept the aforementioned unlawful working conditions, wages, and housing.

7.    Plaintiffs seek their unpaid wages, liquidated damages, actual, incidental, consequential, compensatory, and statutory damages, punitive damages, pre and post judgment interest, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees.

**PARTIES**

8.    HERNAN GUZMAN PADILLA (hereafter, "Plaintiff GUZMAN-PADILLA") was employed as a dairy barn laborer by Defendants in San Joaquin County between 2002 and May 2, 2016. Plaintiff Guzman-Padilla was also provided housing by Defendants at various

CLASS ACTION COMPLAINT

locations while he worked at G & H Dairy, most recently at 16522 Van Allen Road, Escalon, California 95320.

9.      CIPRIANO BENITES (hereafter, "Plaintiff BENITES") was employed as a dairy barn laborer by Defendants in San Joaquin County between approximately December of 2011 and June of 2015. He was also provided housing by Defendants while he worked at G & H Dairy, most recently in a structure that has no formal address, but is located off of Sexton Road near Dairy Barn 1 at G & H Dairy. This structure is referred to as the "cuartitos" (the "little rooms").

10.      For the duration of their employment with Defendants, Plaintiffs GUZMAN-PADILLA and BENITES were non-exempt workers eligible to accrue and be paid overtime within the meaning of Industrial Welfare Commission Order 14.

11.      Plaintiffs assert their claims on behalf of themselves and two overlapping proposed Plaintiff classes: (a) all Hispanic laborers of foreign alienage employed by the Defendants in the four years prior to the filing of this action, and (b) all Hispanic laborers of foreign alienage and their families who were provided housing that is owned and/or operated by the Defendants in the four years prior to the filing of this action.

12.      Defendants Gerard Van de Pol and Henry Van de Pol do business as G & H Dairy.

13.      During the relevant statutory period, Defendants were the employer of Plaintiffs and the proposed Plaintiff class because they engaged and exercised control over their wages, hours, and working conditions or suffered and permitted Plaintiffs to work.

(a)      Specifically, Plaintiffs performed work that was integral to the operation of Defendants' dairy operations, including, but not limited to, milking and cleaning the milking barns.

4

CLASS ACTION COMPLAINT

(b)    Defendants Gerard Van de Pol and Henry Van de Pol signed off on Plaintiffs' time records, indicating control over hours worked.

(c)    Wages were paid to Plaintiffs and others similarly situated through checks from G & H Dairy.

(d)    On information and belief, the Defendants determined the system of compensation as well as the Plaintiffs' rate of pay.

14.    Defendants provided housing to the Plaintiffs and other similarly situated employees on properties located in San Joaquin and Stanislaus counties.

15.    Defendant Gerard Van de Pol resides in San Joaquin County, California (Escalon, California) at 16972 Sexton Road, Escalon, CA 95320.

16.    Defendant Henry Van de Pol resides in Stanislaus County (Modesto, California) at 600 Muirfield Ct, Modesto, CA 95356.

17.    The dairy operated by Defendants has its principal office in San Joaquin County, at: 16996 Sexton Rd, Escalon, CA 95320.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question); 42 U.S.C. § 1988 (Proceedings in Vindication of Civil Rights); and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (Supplemental)

19.    This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal claim, which arise from the same employment relationship, that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution. Specifically, the deficient housing and state labor violations are part of a pattern and practice of discrimination perpetuated by the Defendants against the

CLASS ACTION COMPLAINT

Plaintiffs during the course of their employment at G & H Dairy, in violation of 42 U.S.C. § 1981.

20.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the claims arose in the Eastern District of California, and because the Defendants Henry Van de Pol and Gerard Van de Pol reside there.

21.    In addition, this case is properly filed with the Sacramento Division pursuant to Eastern District Local Rule 120(d), given that a substantial part of the Plaintiffs' claims arose in San Joaquin County.

## ALLEGATIONS OF CLASS REPRESENTATIVES

## DISCRIMINATION ON THE BASIS OF RACE, FOREIGN ALIENAGE, AND NATIONAL ORIGIN

22.    Plaintiffs and proposed class are all Spanish-speaking, non-white workers of foreign alienage.

23.    On information and belief, Defendants' administrative and supervisory employees are all white.

24.    For the duration of their employment with Defendants, Plaintiffs never observed Henry or Gerard Van De Pol recruiting or hiring white, native-born citizens for jobs in the milking barn.

25.    Defendants solely recruited through informal networks, designed only to attract immigrant Mexican laborers using their existing employees.

26.    Plaintiff GUZMAN-PADILLA was hired informally, paid unlawfully, and given illegal housing (as described below) by the Defendants.

27.    Plaintiffs, when in groups with their co-workers, were also verbally abused by the Defendants and by Defendant Gerard Van de Pol's son, Daniel Van de Pol, a supervisor at

6

CLASS ACTION COMPLAINT

G & H Dairy.

28.    This abuse included threats drew upon the workers' alienage, like "I can run you off this ranch any time I want to" or "If you're not happy here, then you can go home," as well as racial slurs like "beaner."

29.    Plaintiffs understood that if they were fired, they would be evicted from their employer-provided housing and face the possibility of homelessness.

30.    On information and belief, Defendants intentionally perpetuated the above-mentioned practices, knowing they were unlawful, in the expectation that the workforce they hired would not complain.

31.    Specifically, the Defendants sought to hire only workers they viewed as vulnerable due to their race and alienage by tapping into an informal network for recruitment, paying them substandard wages they knew no white, U.S. Citizen worker would accept, providing them with housing that they failed to maintain or repair that no white, U.S. Citizen worker would accept, and perpetuating an abusive workplace environment in order to benefit themselves economically through the exploitation of the Plaintiffs and similarly situated immigrant Mexican laborers.

**HOURS**

32.    While employed by Defendants, Plaintiff GUZMAN-PADILLA and BENITES, as well as others similarly situated, were paid a fixed semimonthly salary regardless of the number of hours they worked.

33.    Plaintiffs GUZMAN-PADILLA and BENITES typically worked four days in a row, followed by one day of rest, when they were employed as milkers in Dairy Barn 1.

34.    Putative plaintiff class members who were employed at Dairy Barn 3 were employed on the same schedule as Plaintiffs GUZMAN-PADILLA and BENITES.

7

CLASS ACTION COMPLAINT

35.     On information and belief, those employees who worked at Dairy Barn 2, or participated in maintenance and/or outdoor labor on the dairy properties, typically worked six days in a row followed by one day off.

36.     Plaintiffs and other similarly situated employees were usually scheduled for ten hour shifts.

37.     Defendants required that all work be completed during each shift before Plaintiffs and other employees could stop working.

38.     These requirements resulted in Plaintiffs and other laborers working in excess of ten hours per day when their duties took additional time.

39.     The Defendants scheduled Plaintiffs and other milking barn laborers such that they worked one month of day shifts and the subsequent month of night shifts on an alternating schedule.

40.     Defendants periodically required that all workers attend safety trainings, which took place at noon on the dairy property and lasted between thirty minutes and an hour.

41.     Plaintiffs and others similarly situated who were assigned to the night shift and not scheduled to be at work during the hour designated for training were still required to attend but were not paid additional compensation for this time. This training was compensable time that resulted, when added to other hours worked, in workdays that exceeded 10 hours for Plaintiffs and others similarly situated.

42.     Plaintiffs and similarly situated employees were not paid additional compensation for all hours worked over ten in a workday, nor were they paid the applicable overtime premium for those additional hours.

CLASS ACTION COMPLAINT

43.    When they were assigned to work night shifts, Plaintiffs GUZMAN-PADILLA, BENITES and similarly situated employees would often perform work every day during their month on that schedule.

44.    Plaintiffs and other similarly situated employees who worked each day of a workweek did so without receiving the seventh day overtime that they were entitled to.

45.    On information and belief, Defendants altered their time keeping practices to pay overtime compensation beginning in October of 2016, after they learned of Plaintiffs' pre-filing investigation of this matter.

## MEAL PERIODS

46.    Plaintiffs did not always receive an uninterrupted thirty-minute meal period for every five hours worked.

47.    When safety trainings took place at the dairies, Plaintiffs who were working a day shift had to forfeit their lunch in order to attend.

48.    The Defendants did not provide Plaintiffs and other similarly situated employees with the legally required premium payment for missing their mandated meal period, or for failing to provide a second meal period where required.

## REST PERIODS

49.    Plaintiffs and others similarly situated were not authorized or permitted to take uninterrupted ten-minute rest breaks in which they were relieved of all duties.

50.    Plaintiffs and other similarly situated employees were not paid the legally required premium for missing their mandatory rest period.

## WORK RELATED EXPENSES

51.    Dairy work requires the use of specialized boots for use in the moist damp environment found in the milk barn and corrals.

CLASS ACTION COMPLAINT

9

52.    Plaintiffs and others similarly situated purchased- with their own funds- waterproof rubber boots for their work.

53.    Plaintiffs used these boots in the dairy barn and corrals typically changed out of them before leaving work to return home in their street shoes.

54.    The boots were necessary to their employment because they protected Plaintiffs from on-the-job health hazards, including exposure to excessive water, chemicals, and animal feces.

55.    The Defendant never reimbursed Plaintiffs or similarly situated employees for this work-related expense.

## INADEQUATE CHECK STUBS

56.    Plaintiffs received a paycheck and check stub twice monthly.

57.    The check stubs lacked any indication of the hours Plaintiffs worked, the hourly pay rate they earned, the amount of overtime earned, or any premium pay for missed or inadequate meal and rest periods, in violation of California law.

## WAITING TIME PENALTIES

58.    Neither Plaintiff GUZMAN-PADILLA or Plaintiff BENITES were paid all wages owed in their final paycheck. Specifically, neither was compensated for any of the overtime they worked, or for premium pay they were owed due to missed meal and rest periods.

59.    To date, Defendants have not paid Plaintiff GUZMAN-PADILLA or Plaintiff BENITES all wages owed to them, waiting time penalties, or any interest on those amounts.

60.    On information and belief, all of Defendants' employees who quit or were fired during the relevant statutory period were similarly denied payment of overtime wages owed and premium pay due for meal and rest periods in their final paycheck, associated waiting

10

CLASS ACTION COMPLAINT

1    time penalties for neglecting to adequately pay these wages, and any interest owed on those

2    amounts.

3                                    **HOUSING**

4    61.      While employed by Defendants, Plaintiff GUZMAN-PADILLA lived in housing

5    provided, owned, managed, or controlled by the Defendants with his wife and their minor

6    children. The property was managed by Defendants Gerard and Henry Van de Pol, and/or by

7    individuals acting as their agents or employees.

8    62.      Defendants put Plaintiffs health and safety at risk by failing to properly maintain

9    their residential property.

10   63.      While living at 16552 S. Van Allen Rd.,  Plaintiff GUZMAN-PADILLA lived in a

11   mobile home owned by Defendants with the following conditions of disrepair: failing and

12   broken toilet, broken and malfunctioning water heater, which, when it worked, only

13   provided minutes of hot water, moldy and water damaged floors and walls, windows that

14   were not weather tight and would fall out, carpet stained and inundated with the smell of

15   dog urine, no heat for a period of time, holes in the floor allowing an infestation of mice,

16   and rotting and buckling floors.

17   64.      Prior to living in the mobile home at 16552 S. Van Allen Rd, Plaintiff GUZMAN-

18   PADILLA and his wife lived in a house owned by Defendants Gerard and Henry Van de

19   Pol. This residence was practically abandoned with holes that let the wind in, as well as

20   allowing rats and cockroaches to enter the dwelling. These conditions, among others,

21   required Defendants to demolish the premises shortly after Plaintiff GUZMAN-PADILLA

22   and his wife moved out.

23   65.      Plaintiff BENITES was assigned to live in a small single room called a "cuartito"

24   in a building owned or operated by the Defendants.  The cuartitos lacked basic plumbing

                                          11

CLASS ACTION COMPLAINT

and bathrooms. All residents of the cuartitos used a single outside toilet. They also lacked

internal heating or any kind of kitchen facility. Plaintiff BENITES bought his own space

heater to stay warm in the winter and ate pre-prepared foods as he was unable to cook his

own meals. In addition, vermin, including fleas, cockroaches, and rats, were present in the

cuartitos.

66.    Other employees live in dilapidated and leaky recreational vehicles and trailers,

termite infested duplexes, converted tractor barns, and mobile homes owned by the

Defendants. As far as Plaintiffs are aware, all or almost all of the housing suffers from one

or more of the following problems: infestations of vermin, rotting and sagging flooring,

water leaks, mold and water damaged walls and floors, no bathrooms or non-functioning

bathrooms, broken and defective showers, cracked and damaged flooring, and dangerous

electrical outlets and breakers.

67.    Defendants knew of the conditions of disrepair and refused to repair many of the

conditions.

68.    Defendants Henry and Gerard Van de Pol informed Plaintiffs and other similarly

situated that they would not make many types of repairs and instead, expected the laborers

to do so.

69.    Whenever Plaintiff GUZMAN-PADILLA requested repairs, Defendants refused to

make them and told Plaintiff GUZMAN-PADILLA, "At least you have a place to live."

70.    In other instances, when Plaintiff GUZMAN-PADILLA and his wife attempted to

make improvements to their home, Defendant Henry Van de Pol was abusive and yelled at

them. Plaintiffs are also aware that Defendants have told other putative class members that

they could find other housing if they did not like the conditions.

71.    Plaintiffs were afraid of asking Defendants to repair their housing on account of

12

CLASS ACTION COMPLAINT

the hostility to Plaintiffs and the threat that both employment and housing were contingent upon them accepting these unlawful conditions quietly, such that raising complaints would lead to termination and loss of housing for Plaintiffs and putative class members.

72.     Because of this, Plaintiff GUZMAN-PADILLA made repairs to his housing at Van Allen Road at his own expense, including, but not limited to, fixing the bathroom floor and repairing the hot water heater. On information and belief, other similarly situated individuals also made and paid for repairs to their housing without reimbursement or contribution from the Defendants.

73.     On information and belief, no white employees of the Defendants Henry and Gerard Van de Pol are provided poor quality housing, refused repairs, or required to live with vermin, water leaks, mold, rotting flooring, non-functioning heating, or without bathroom and kitchen facilities.

74.     The Defendants' actions concerning the housing conditions and their "take it or leave it" statements concerning complaints made by Plaintiffs and other similarly situated immigrant Mexican laborers were motivated by Plaintiffs' race and alienage.

**ADDITIONAL FACTUAL ALLEGATIONS**

75.     In the four years preceding the filing of this action (the "relevant statutory period"), Plaintiffs, and all members of the proposed Plaintiff Class, are or were nonexempt employees of Defendant who worked hours constituting both regular ("straight time") hours and "overtime" hours, as those terms are defined in the California Labor Code and Wage Order 14, 8 Cal. Code of Regs. § 11140.

76.     Defendants have one office that prepares payroll for all non-exempt dairy workers at G & H Dairy.

13

CLASS ACTION COMPLAINT

77.    Defendants employed foreign and Hispanic laborers using the same terms and conditions across this group of employees.

78.    Defendants provided housing to foreign and Hispanic laborers using the same terms and conditions across this group of employees. They held group meetings to communicate these terms to their employees, including their policies around fixing and maintaining their worker housing.

## CLASS ALLEGATIONS

79.    **Proposed Classes.**

(a)    All Hispanic laborers of foreign alienage employed by G & H Dairy at any time during the four years preceding the filing of this action through the conclusion of this action.

(b)    All Hispanic laborers of foreign alienage employed by G & H Dairy and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants during the four years preceding the filing of this action through the conclusion of this action.

80.    **Superiority of Class Action Mechanism.** Class certification is appropriate because Defendants have implemented a scheme that is generally applicable to the Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. Each member of the proposed Plaintiff Class has been injured and is entitled to recover from Defendants for the same wrongful conduct. Class treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of

14

CLASS ACTION COMPLAINT

separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.   Plaintiffs are informed and believe and thereon allege that the proposed Plaintiff Class consists of more than 40 current and former employees.   Members of the class are ascertainable but so numerous that joinder is impracticable.   For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

81.      There is a well-defined community of interest in the litigation and the class is ascertainable:

(a) **Numerosity**: The Plaintiff Class is so numerous that the individual joinder of all members is impractical. While the exact number of class members in the Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the Class consists of over 40 individual employees, past and present.

(b) **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the Plaintiff Class members, who have a well-defined community of interest in the questions of law and fact raised in this action. Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact include, but are not limited to whether Defendants, by their practices and policies, have engaged in discrimination in contract in violation of 42 U.S.C. § 1981, have violated the rights of their employees under Business & Professions Code sections 17200 *et seq.,* the California Labor Code, the California Fair Employment and Housing Act, and the Unruh Act. Common questions include, but are not necessarily limited to:

15

CLASS ACTION COMPLAINT

i.  Whether Defendants' pay practices conform to the requirements of the California Labor Code and Wage Order 14;

ii.  Whether Defendants violated the Labor Code sections 1182.11-1182.13, and 1197 and Wage Order 14 by failing to pay minimum wage for every hour worked to all members of the Plaintiff Class;

iii.  Whether Defendants violated Labor Code section 1198 and Wage Order 14 by miscalculating and failing to pay the overtime and double time premium pay owed to all members of the Plaintiff Class;

iv.  Whether Defendants failed to pay all members of the Plaintiff Class their full wages when due in violation of Labor Code sections 201 and 202;

v.  Whether Defendants failed to pay waiting time penalties for all members of the Plaintiff Class members who quit or were discharged during the relevant period, as required by Labor Code section 203;

vi.  Whether Defendants violated Labor Code sections 226.7 and the meal and rest period provisions of Wage Order 14 by failing to provide adequate off-duty meal periods to which all Class Members were entitled;

vii.  Whether Defendants violated Labor Code section 226.7(b) by failing to pay all members of the Plaintiff Class the premium compensation mandated by that statute for missed meal and rest periods;

viii.  Whether Defendants failed to provide accurate itemized wage statements to all members of the Plaintiff Class, as required by Labor Code section 226;

ix.  Whether Defendants violated Labor Code section 2802 by failing to indemnify all members of the Plaintiff Class for work-related expenses;

16

CLASS ACTION COMPLAINT

x.  Whether Defendants violated the California Fair Employment and Housing Act and the Unruh Act by providing sub-standard housing to workers and their families, and subsequently failing to adequately repair or maintain it, because of the workers race, national origin, and foreign alienage;

xi.  Whether, through the unlawful conduct herein alleged, the Defendants' violated Cal. Business and Professions Code §§ 17200 *et. seq*;

xii.  Whether, in the provision of unlawful wages and housing to its workers, the Defendants' discriminated against their workers on the basis of race, foreign alienage, and national origin under 42 U.S.C. § 1981;

xiii.  What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

xiv.  Other common questions of law and fact.

82.  Plaintiffs anticipate that Defendants' affirmative defenses will raise additional common issues of fact and law.

83.  **Adequacy of Plaintiffs as Class Representatives.**  Plaintiff GUZMAN-PADILLA and Plaintiff BENITES can adequately and fairly represent the interests of the Plaintiff Class as defined above because their individual interests are consistent with, not antagonistic to, the interests of the Plaintiff Class.  Plaintiffs' claims are typical of the claims of the class as a whole in that they arise from Defendants' failure to conform their wage and hour practices to the requirements of the California Labor Code and the applicable Wage Order, as well as their failure to comply with Federal anti-discrimination statues, resulting in injury to Plaintiffs.

84.  **Adequacy of Counsel for the Class.**  Counsel for Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

17

CLASS ACTION COMPLAINT

1

2

3

### First Cause of Action

### 42 U.S.C. § 1981: EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE AND ALIENAGE

4

5

6

85.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to be free from discrimination in contract under 42 U.S.C. § 1981.

7

8

9

86.    Plaintiffs and members of the putative class are of Hispanic or Indigenous Mexican race and have foreign alienage.

10

11

12

87.    Defendants hired Plaintiffs and provided Plaintiffs employment benefits, including housing, on terms that were unlawful and that would not have been provided to white citizens.

13

14

15

16

17

18

19

20

21

22

23

24

25

88.    These unlawful terms included:

(a)    Failing to pay these employees all overtime wages owed;

(b)    failing to provide employees with all of their full and uninterrupted off-duty rest and meal periods;

(c)    failing to make premium payments for missed meal or rest periods;

(d)    failing to reimburse employees for required and/or necessary equipment;

(e)    failing to pay all wages due to an employee upon their departure or termination;

(f)    failing to pay relevant penalties and interest on these wages;

(g)    failing to provide habitable housing or maintain/ repair said housing where necessary.

26

27

28

89.    In conjunction with these unlawful terms, members of the putative Plaintiff class were subjected to verbal abuse by the Defendants and Supervisor, Daniel Van de Pol, as detailed in paragraphs 27 through 28.

CLASS ACTION COMPLAINT

90.    As alleged in paragraphs 31 through 32, Defendants' intentionally engaged in this discriminatory conduct because of the Plaintiffs' race and alienage, which they perceived as making the Plaintiffs vulnerable to exploitation and unlawful terms of employment.

91.    Consequently, Defendants' action violated the Plaintiffs' right to make and enforce contracts and receive the full and equal benefit of the law as guaranteed by 42 U.S.C. § 1981.

92.    As a direct result of Defendants' actions, Plaintiffs were subjected to discriminatory terms and conditions of employment and have suffered substantial damages.

93.    Defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for Plaintiffs' civil rights so as to entitle Plaintiffs and similarly situated workers to an award of punitive damages in order to punish Defendants for their conduct and deter them and others like them from such conduct in the future.

94.    Similarly, as Defendants willfully infringed upon Plaintiffs' civil rights and continues to engage in discriminatory employment and housing practices, Plaintiffs seek injunctive relief that will prohibit Defendants from engaging in this conduct in the future.

95.    Pursuant to 42 U.S.C. § 1988 and federal common law, Plaintiffs are entitled to actual damages and consequential damages, including emotional distress damages, as well as punitive damages as set forth below. Additionally, Plaintiffs are entitled to their reasonable attorney's fees and costs.

### Second Cause of Action

### VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ, PROHIBITING UNFAIR COMPETITION

96.    Defendants have acted contrary to public policy, violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*, depriving Plaintiffs, and all

19

CLASS ACTION COMPLAINT

persons similarly situated, of rights, benefits, and privileges guaranteed under law. Specifically, they have:

    (a) Failed to pay overtime premiums for work performed in excess of ten (10) hours per work day, contrary to the applicable provisions of Wage Order 14 (8 Cal. Code of Regs. § 11140); *See* paragraphs 36 to 44;

    (b) Failed to pay minimum wage for every hour worked, contrary to Wage Order 14 and Cal. Labor Code §§§ 1182.11-1182.13, and 1197;

    (c) Failed to provide, authorize, and permit meal and rest periods as required by Labor Code § 226.7 and Wage Order 14 (8 Cal. Code of Regs. § 11140);

    (d) Failed to pay premium compensation for missed meal and rest periods, as required by Labor Code § 226.7(b); *See* paragraphs 46 to 50;

    (e) Failed to provide all necessary work-related tools and equipment and failing to indemnify employees for work-related expenses incurred, in violation of Labor Code § 2802 and the applicable provision of Wage Order 14 (8 Cal. Code of Regs. § 11140); and *See* paragraphs 51 to 55;

    (f) Failed to provide accurate itemized wage statements as required by Labor Code § 226(a); *See* paragraphs 56 to 57;

    (g) Failed to provide housing in compliance with state laws. State housing law prohibits discrimination based upon national origin and race. Defendants violated these statutes by engaging in a pattern and practice of discrimination, harassment, and intimidation of residents, based upon their race or national origin. Defendants' acts are in violation of the Fair Employment and Housing Act ("FEHA") and thus constitute *per se* unlawful business practices;

20

CLASS ACTION COMPLAINT

(h) Failed to provide housing in compliance with the Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.).

97.    Plaintiffs allege that at all times material to this action, Defendants' conduct has injured their interests by depriving them of their rights as workers and by causing them and each member of the Plaintiff class economic harm through deprivation of wages and other monies owed to them as Defendants' employees

98.    By perpetuating the unfair business practices discussed above, Defendants have received and retained funds that rightfully belong to Plaintiffs and those similarly situated. These unlawfully obtained monies have allowed Defendants to generate more profits through G & H Dairy, ultimately resulting in the Defendants' unjust enrichment.

99.    These unlawfully obtained funds also constitute an unfair advantage over Defendants' legitimate business competitors in the dairy industry. This advantage was gained at the expense of its employees and the public at large.

100.    Through this claim, the Plaintiffs seek all relief as may be necessary to restore Defendants' ill-gotten gains to all employees (including themselves) who were adversely affected by these unfair and unlawful business practices. This includes restitution of all unpaid wages owing to themselves and those similarly situated, as well as injunctive relief to prevent the Defendants from continuing to use unfair and anti-competitive methods of operating G & H Dairy. California Business and Professions Code § 17203.

### Third Cause of Action

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14

101.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals

21

CLASS ACTION COMPLAINT

to receive minimum wage under California Law.

102.     As described above, Defendants paid plaintiffs a biweekly fixed salary to Plaintiffs and those similarly situated. This salary did not compensate the Plaintiffs and the putative class for any daily, weekly, or seventh day overtime.

103.     Plaintiffs regularly worked overtime hours without any additional payment. Consequently, those hours were completely uncompensated in violation of California's minimum wage laws.  Cal. Labor Code §§§ 1182.11-1182.13, and 1197.

104.     As a result of Defendants' failure to comply with the aforementioned portions of the California Labor Code and Wage Order 14, Plaintiffs and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages for violations of their right to a minimum wage.

### Fourth Cause of Action

### FAILURE TO PAY FOR OVERTIME IN VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14

105.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive overtime wages under California Law.

106.     As detailed in paragraphs 36 through 44 above, Defendants failed to pay Plaintiffs and similarly situated members of the putative Plaintiff class at "one and one-half (1 ½) times" their normal rate of pay (the overtime rate) when they worked more than "(10) hours in any one workday or more than six (6) days in any workweek" as required by Wage Order 14, ¶ (3)(A).

107.     Plaintiffs' semimonthly salary does not compensate them for any part of these overtime wages due under Wage Order 14.

22

CLASS ACTION COMPLAINT

108.     Because Defendants failed to comply with the overtime provisions in Wage Order 14, they also violated Cal. Labor Code § 1198, which states "[t]he employment of any employee... under conditions of labor prohibited by the [applicable wage] order is unlawful."

109.     The violations set forth in this Count resulted, in part, from Defendants' practice of paying a semimonthly salary with no consideration for the actual number of hours worked by their employees, as described in paragraphs 32 and 36 through 44.

110.     As a result of Defendants' failure to provide Plaintiffs and members of the Plaintiff Class with overtime pay in accordance with California law, Plaintiffs and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial.

111.     Plaintiffs and members of the Plaintiff Class who have not been paid overtime compensation as required by Wage Order 14 and Cal. Labor Code § 1198 seek to recover the full unpaid balance of such wages, interest thereon, attorneys' fees, and the costs of suit pursuant to Cal. Labor § Code 1194(a).

**Fifth Cause of Action**

**VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14 FOR FAILURE TO PROVIDE ADEQUATE MEAL AND REST PERIODS**

112.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive adequate rest and meal periods.

113.     As detailed in paragraphs 46 through 50 above, Defendants did not provide Plaintiffs and other similarly situated employees rest periods of "ten (10) minutes...per four (4) hours [of work] or major fraction thereof" as required by Wage Order 14, ¶ 12.

114.     Defendants did not authorize and permit workers to take rest periods, as alleged in

23

CLASS ACTION COMPLAINT

paragraph 49.

115.    In addition, Defendants did not always provide Plaintiffs and other similarly situated employees an off-duty 30-minute meal period "after a work period of not more than five (5) hours" as required by Wage Order 14, ¶ 11. See paragraphs 46 through 47.

116.    The Defendants required the Plaintiffs to attend work-related trainings during their meal period. Plaintiffs did not sign a written agreement accepting an on-duty meal period.

117.    Additionally, no second meal period was provided when the Plaintiffs worked more than ten hours in a row. The duration of their shift in these cases entitled them to a second meal period.

118.    California law, including Labor Code § 226.7, requires Defendants to permit and authorize Plaintiffs and members of the putative Plaintiff Class to take all meal and rest periods specified in the applicable Wage Order and entitles Plaintiffs and members of the Plaintiff Class to be paid one extra hour of pay per day at their regular rate of compensation as additional wages for each day they were denied one or more required rest periods. They are also entitled to an additional hour of pay at their regular wage of compensation for each day they were denied an uninterrupted thirty-minute meal period. Plaintiffs are entitled to the aforementioned premium compensation for meal and rest break violations that occurred in the four years preceding the filing of this action.

119.    As described in paragraphs 48 and 50, Plaintiffs did not receive this premium compensation for their missed meal and rest periods.

120.    Consequently, Plaintiffs and all similarly situated employees seek restitution in the amount of the wages they are entitled to under Cal. Labor Code § 226.7(b) for each workday where they were not permitted to take off-duty rest and/or meal periods.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Sixth Cause of Action

### VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14  FOR FAILURE TO REIMBURSE EMPLOYEES FOR WORK-RELATED EXPENSES

121.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive reimbursement for work-related expenses under Wage Order 14 and Cal. Labor Code § 2802.

122.    Wage Order 14 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."  Wage Order 14 ¶ 9(B); 8 Cal. Code of Regs. § 11140.

123.    At times during the relevant statutory period, Defendants did not pay Plaintiffs and members of the Plaintiff Class at a rate at least twice the applicable state minimum wage.

124.    Consequently, Defendants were required to provide and maintain all tools and equipment necessary to the performance of Plaintiffs' and Plaintiff class members' jobs.

125.    As stated in Paragraphs 52 through 56, Plaintiffs and members of the Plaintiff Class purchased rubber boots for use in the dairy barns at Defendants' business operation, G & H dairy, several times each year.

126.    These boots were necessary to their employment as they protected Plaintiffs from on-the-job health hazards, including standing water and animal feces.

127.    Plaintiffs were never reimbursed for these expenses.

128.    As a direct result of Defendants' failure to comply with Wage Order 14, Plaintiffs and members of the Plaintiff Class incurred work-related expenses by purchasing clothing

25

CLASS ACTION COMPLAINT

that was necessary to maintain their health and safety at work, as described in paragraph 53.

129.    Because of Defendants' conduct, Plaintiffs and members of the Plaintiff Class have suffered financial losses.

130.    Plaintiffs and members of the Plaintiff Class therefore are entitled to restitution of all expenses incurred in the performance of their work duties, reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2802.

### Seventh Cause of Action

### VIOLATION OF THE CALIFORNIA LABOR CODE AND WAGE ORDER 14 FOR FAILURE TO PROVIDE ADEQUATE ITEMIZED WAGE STATEMENTS

131.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive itemized wage statements ("check stubs") that comply with Cal. Labor Code § 226.

132.    California Law requires that employers provide their employees with accurate itemized wage statements that include, among other things, the "total hours worked by the employee... [as well as] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee..." Cal. Labor Code § 226.

133.    As alleged in paragraphs 57 through 58, Defendants never provided Plaintiffs with check stubs that stated their hours of work, rate(s) of pay, overtime earned, or premium pay for missed meal and rest periods.

134.    As a direct result of Defendants' failure to comply with Cal. Labor Code § 226, Plaintiffs and Defendants' other current and former employees are entitled to recover $50 for the first violation and $100 for each subsequent violation, up to a maximum amount of $4,000 per employee and reasonable costs and attorney's fees.

26

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Eighth Cause of Action**

**VIOLATION OF THE CALIFORNIA LABOR CODE FOR FAILURE TO PAY ALL WAGES OWED UPON PLAINTIFFS LEAVING EMPLOYMENT AND ASSOCIATED PENALTIES**

135.    Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive all outstanding wages due upon being fired or voluntarily leaving their employment with Defendants.

136.    When an employee is terminated, California law requires that he immediately be paid all wages owed to him. Cal Labor Code § 201. If an employee quits, the employer has 72 hours to pay those outstanding wages. Cal Labor Code § 202. Where an employer fails to comply with Cal Labor Code §§ 201 and/or 202, the affected employee is entitled to receive a penalty in the amount of one day's wages for every day that their employer willfully denies this final payment of wages, up to a maximum of 30 days. Cal Labor Code § 203.

137.    Defendants did not pay Plaintiff GUZMAN-PADILLA, Plaintiff BENITES, or similarly situated workers all their wages owed, including payment for all hours worked, overtime premium pay (paragraphs 36 through 44), or premium pay for missed meal and rest periods (paragraphs 46 through 48 and 49 through 50, respectively).

138.    As stated in paragraph 58, Plaintiff GUZMAN-PADILLA and Plaintiff BENITES did not receive these wages in their last paycheck upon leaving or being terminated from their employment with Defendants.

139.    By failing to compensate Plaintiff GUZMAN-PADILLA, Plaintiff BENITES, and similarly situated members of the Plaintiff Class who have quit or been discharged during the relevant statutory period as required by the California Labor Code and the applicable Wage Order, Defendants have willfully failed to make timely payment of the full wages due to their

27

CLASS ACTION COMPLAINT

former employees in violation of Cal. Labor Code §§ 201 and 202.

140.    Pursuant to Cal. Labor Code § 203, Plaintiffs and members of the Plaintiff Class who have quit or have been discharged from employment with Defendants during the relevant statutory period are entitled to waiting time penalties of up to 30 days' wages per person.

**Ninth Cause of Action**
**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING**
**ACT ON THE BASIS OF NATIONAL ORIGIN**

141.    Plaintiffs allege that Defendants' actions violated the rights of Plaintiffs and other similarly situated individuals under the California Fair Employment and Housing Act.

142.    Defendants have injured Plaintiffs in violation of the California Fair Employment and Housing Act by:

   a.   Discriminating against or harassing Plaintiffs because of their race and national origin in violation of Cal. Gov't Code §§ 12955(a), 12955(d), 12955(k), as described in paragraphs 61 through 74;

   b.   Making statements of discrimination, limitation, or preference based on race and national origin, in violation of Cal. Gov't Code § 12955(c), as described in paragraphs 61 through 74;

   c.   Aiding, abetting, or inciting in the discrimination of residents because of national origin in violation of Cal. Gov't. Code § 12955(g), as described in paragraphs 61   through 74;

143.    As a proximate cause of Defendants' conduct, Plaintiffs have been damaged and continue to suffer damages, set forth above.

144.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and /or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil

CLASS ACTION COMPLAINT

motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages from

Defendants' in an amount according to proof.

**Tenth Cause of Action**

**VIOLATION OF THE CALIFORNIA UNRUH ACT (CAL. CIV. CODE § 51)**

145.    Plaintiffs allege that Defendants' actions violated the rights of Plaintiffs and other

similarly situated individuals under the California Unruh Act.

146.    Defendants' provision of housing constitutes a business for purposes of the Unruh

Act.

147.     In perpetrating the acts alleged in paragraphs 62 through 75, Defendants have

violated the Plaintiffs' rights to fair housing under the Unruh Civil Rights Act, Cal. Civil

Code § 51 *et seq.*, in that Defendants have discriminated against Plaintiffs based upon their

race and national origin in the operation of the property, a business establishment.

148.     Each of the Defendants have maintained a business and professional relationship

with the Plaintiffs.

149.    As described above, Defendants have engaged in, or have allowed their agents to

engage in conduct that was hostile against the race and national origin of the Plaintiffs.  This

conduct included discriminating against the Plaintiffs, failing to repair their units, and

creating a hostile environment against Plaintiffs.

150.    Defendants' discriminatory conduct alleged herein constitutes a denial of full and

equal access to housing accommodations to Plaintiffs within the meaning of California Civil

Code § 51 *et seq.*

151.    In addition to compensatory damages for any repairs that Plaintiffs made on their

own (see paragraph 73 for example), Plaintiffs are entitled to statutory damages under Civil

Code § 52 of up to three times the amount of actual damages.

29

CLASS ACTION COMPLAINT

152.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

153.    As a proximate cause of Defendants' conduct, Plaintiffs have been injured and suffered damages, as set forth above. Defendants' unlawful conduct was a substantial factor in causing them harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a) That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

(b)  That the Court certify the classes defined herein;

(c) Under the First Cause of Action:

1.  Declare that Defendants have discriminated in contract against Plaintiffs and the Plaintiff Class, in violation of 42 U.S.C. § 1981, as specified in paragraphs 85 through 95.

2.  Grant Judgment against all Defendants and in favor of the Plaintiffs and all similarly situated workers for violations of 42 U.S.C.§ 1981 such that:

   a.  The Plaintiffs receive the wages and employment benefits to which they were legally entitled, including back wages, pay for missed meal and rest periods, and damages for unlawful housing conditions, in an amount to be proved at trial.

   b.  Appropriate injunctive and declaratory relief is issued, including a permanent injunction enjoining all Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in alienage

30

CLASS ACTION COMPLAINT

discrimination, race discrimination, or any other employment practice which

discriminates on these bases.

    c.  Punitive damages in an amount to be determined at trial.

3.  Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

(d) Under the Second Cause of Action:

1.  Grant judgment against Defendants and in favor of the Plaintiffs and all similarly situated

    workers for violations of Cal. Business and Professions Code § 17200 such that:

    a.  The Plaintiffs receive all wages that they were unlawfully deprived of due to

        Defendants' unfair business practices;

    b.  The Plaintiffs receive injunctive relief against the Defendants so that they cannot

        continue to operate G & H Dairy in an unfair and anti-competitive way.

2.  Award attorney's fees and costs pursuant to California Code of Civil Procedure § 1201.5,

    as the Plaintiffs are enforcing an important right affecting the public interest.

(e) Under the Third Cause of Action:

1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated

    workers for violations of  §§§ 1182.11-1182.13, and 1197 such that Plaintiffs receive the

    full unpaid balance of their wages owed. In addition, grant Plaintiffs and the Plaintiff

    Class are liquidated damages in the amount of their minimum wage loss (double damages)

    for the violation of their right to minimum wage pursuant to Cal. Labor Code § 1197.

2.  Award Plaintiffs attorney's fees and costs pursuant to California Labor Code § 1194(a).

(f) Under the Fourth Cause of Action:

1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated

    workers for violations of California Labor Code § 1198 and Wage Order 14 such that

31

CLASS ACTION COMPLAINT

1    Plaintiffs receive wages for their unpaid hours of work and the overtime premiums that

2    they are entitled to.

3    2.  Award Plaintiffs attorney's fees and costs pursuant to California Labor Code § 1194(a).

4

5    (g) Under the Fifth Cause of Action:

6    1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated

7        workers for violations of California Labor Code § 226.7 and Wage Order 14 such that

8        Plaintiffs receive all premium payments owed for missed meal and rest periods in the four

9        years prior to this action.

10

11   2.  Award Plaintiffs attorney's fees and costs pursuant to California Labor Code § 1194(a).

12   (h) Under the Sixth Cause of Action:

13   1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated

14       workers for violations of California Labor Code § 2802 and Wage Order 14 such that

15       Plaintiffs receive restitution for all monies spent on work-related expenses in the four

16       years prior to this action.

17

18   2.  Award Plaintiffs attorney's fees and costs pursuant to California Labor Code § 2802.

19   (i) Under the Seventh Cause of Action:

20   1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated

21       workers for violations of California Labor Code 226 and Wage Order 14 such that

22       Plaintiffs receive statutory damages in the amount of $50 for the first inadequate paystub,

23       and $100 for each subsequent one, up to the amount of $4,000 per employee.

24

25   2.  Award Plaintiffs attorney's fees and costs pursuant to California Labor Code § 226.

26   (j) Under the Eighth Cause of Action:

27

28

32

CLASS ACTION COMPLAINT

1.  Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 201 and 202.

2.  Award damages pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment at G & H Dairy without receiving all outstanding wages due to them in the final paycheck.

(k) Under the Ninth Cause of Action:

1.  Grant judgment against all Defendants and in favor of Plaintiffs, for the FEHA violations specified above in paragraphs 141 to 144, and enjoin defendants from:

    a.  Providing substandard housing to their Hispanic and/or Mexican employees;

    b.  Taking any further actions that intimidate or "chill" residents of the employer owned housing from advocating for and enforcing their fair housing rights; and

2.  Order Defendants to repair and provide habitable housing to their Hispanic and/or Mexican employees

3.  Award Plaintiffs actual and punitive damages according to proof;

4.  Award Plaintiffs reasonable attorney's fees pursuant to 42 U.S.C. § 3613 and/or Cal. Gov't Code § 12989.2

(l)  Under the Tenth Cause of Action:

1.  Grant judgment against all Defendants and in favor of the Plaintiffs for the violations of the Unruh Act and provide actual, consequential and punitive damages according to proof, but in no event less than the statutory damages of $4,000.00 per occurrence.

2.  Award Plaintiffs treble damages pursuant to Cal. Civ. Code § 52.

3.  Award Plaintiffs attorney's fees pursuant to Cal. Civ. Code § 52.

(m)  Award Plaintiffs pre- and post-judgment interest as allowed by law;

33

CLASS ACTION COMPLAINT

1  (n)    Cast all costs upon Defendants; and

2  (o)    Award Plaintiffs such further relief, at law or in equity, as this Court deems just and

3  proper.

4

5          Respectfully submitted this 27 day of January, 2017

6                              CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION

7

8                              By

9                              R. Erandi Zamora
                               California Rural Legal Assistance Foundation
10                             Attorney for the Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   34
CLASS ACTION COMPLAINT