ALTSHULER BERZON LLP
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
MEREDITH A. JOHNSON (SBN 291018)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:(415) 362-8064
jfinberg@altber.com
ecervantez@altber.com
mjohnson@altber.com

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
DAWSON MORTON (SBN 802667, Registered Legal Services Attorney)
R. ERANDI ZAMORA (SBN 281929)
ALEXANDRA REVELAS (SBN 305201)
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for Individual and Representative Plaintiffs HERNAN GUZMAN PADILLA, and CIPRIANO BENITES, individually and on behalf of all others similarly situated.*

TERPSTRA HENDERSON
A Professional Corporation
STACY L. HENDERSON (SBN 222216)
578 N. Wilma Avenue, Suite A
Ripon, CA 95366
Office:  (209) 599-5003
Fax:  (209) 599-5008
shenderson@thtlaw.com

*Attorneys for Defendants*

[Additional Counsel for Plaintiffs listed on next page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HERNAN GUZMAN PADILLA, and CIPRIANO BENITES, individually and on behalf of all others similarly situated.**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a/ G&H DAIRY**<br><br>**Defendant.** | Case No. 2:17-cv-00196-JAM-KJN<br><br>**JOINT STATUS REPORT OF PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

MAYALL HURLEY P.C.

ROBERT J. WASSERMAN, Bar No. 258538
WILLIAM J. GORHAM, Bar No. 151773
NICHOLAS J. SCARDIGLI, Bar No. 249947
VLADIMIR J. KOZINA, Bar No. 284645
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 477-4818
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

*Attorneys for Individual and Representative Plaintiffs HERNAN GUZMAN PADILLA, and CIPRIANO BENITES, individually and on behalf of all others similarly situated.*

The parties having met and conferred pursuant to Federal Rule of Civil Procedure 26(f) hereby jointly report as follows:

    **a.**    **The nature of the case;**

**Plaintiffs Position**

Plaintiffs are Spanish-speaking immigrant Mexican dairy workers who were employed by Defendants at G & H Dairy in Escalon, California. Plaintiffs allege that Defendants discriminatorily recruited and hired immigrant Mexican laborers to whom they provided only unlawful pay, illegal working conditions, and substandard housing knowing that the immigrant laborers lacked employment and housing opportunities and were unlikely to complain or demand that Defendants comply with the law.

Plaintiffs file this action to secure and vindicate their rights to be free from discriminatory treatment in their work and housing. Plaintiffs bring claims for violations of 42 U.S.C. § 1981 (discrimination on the basis of race and alienage in employment), the California Business and Professions Code (§17200 *et seq.,* Unfair Competition Law), the California Labor Code, the California Unruh Act (Cal. Civ. Code §51), and the California Fair Employment and Housing Act (Cal. Gov't Code §12955).

Defendants paid Plaintiffs and similarly situated immigrant employees a set biweekly wage which violated the California Labor Code and applicable Wage Order by failing to compensate Plaintiffs for all hours worked and denying Plaintiffs overtime premiums to which they were entitled. Defendants also failed to provide legally required rest periods and meal periods, and to provide premium pay for these missed rest and meal periods, as required by California law. Additionally, Defendants' did not reimburse employees for work-related expenses and did not provide Plaintiffs with accurate itemized wage statements which listed their hours worked and the applicable wage rate.

Defendants' actions also violated the California Business and Professions Code §§ 17200 *et seq.* by engaging in employment practices that violated state law. These practices have unjustly enriched the Defendants, providing them with a competitive advantage in the dairy industry that is contrary to California law and public policy.

Similarly, Defendants violated the California Fair Employment and Housing Act (Cal. Gov't Code §12955 *et seq.*) and the Unruh Act (Cal. Civ. Code §51) by providing sub-standard and hazardous housing to Plaintiffs and similarly situated persons because of their perceived exploitability as immigrant Mexican workers. Defendants refused to repair properties or provide basic services to Plaintiffs because of their race, status as aliens, and/or their national origin.

Defendants' actions violated 42 U.S.C. §1981 by intentionally recruiting, hiring, and systematically underpaying solely Mexican immigrant laborers to staff their dairies, on the belief that they would quietly accept the aforementioned unlawful working conditions, wages, and housing.

Plaintiffs seek their unpaid wages, liquidated damages, actual, incidental, consequential, compensatory, and statutory damages, punitive damages, pre and post judgment interest, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees.

**Defendants' Position**

Defendants operate G&H Dairy, which is currently comprised of three dairy facilities and a farming operation. Defendants deny Plaintiffs' allegations that they engaged in illegal conduct. To the contrary, Defendants pay their employees a salary semi-monthly, which often compensates the employees for more hours than they actually work. Defendants pay overtime in accordance with California law and provide accurate wage statements. Defendants provide all employees with all legally required rest and meal periods. Employees are also provided with all necessary equipment to perform their job duties. In addition, Defendants provide housing free of charge to a number of their employees and pay all associated costs, including all utilities, maintenance and repairs. Defendants do not discriminate against their employees on any basis. Rather, they treat all employees equally, with dignity and respect.

**b.     Progress in the service of process;**

The Complaint was served on February 15, 2017.

**c.     Possible joinder of additional parties;**

Plaintiffs will amend the complaint adding at least two additional plaintiffs – Guillermo Benites and Carlos Fabian Torres Perez.

**d.     Any expected or desired amendment of pleadings;**

On February 15, 2017, Plaintiffs' sent a letter to the California Labor and Workforce Development Agency ("LWDA") regarding claims under California's Private Attorney's General Act ("PAGA"). If by April 21, 2017 the LWDA has not indicated an intention to pursue these PAGA claims, Plaintiff will seek to amend the complaint to add PAGA claims to their action. To avoid need for briefing and hearing over a motion to amend, Defendant will likely stipulate to an amendment adding PAGA claims.

**e.     Jurisdiction and venue;**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question); 42 U.S.C. § 1988 (Proceedings in Vindication of Civil Rights; and has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367 (Supplemental).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the claims arose in the Eastern District of California, and because the Defendants Henry Van de Pol and Gerard Van del Pol reside there.

**f.     Anticipated motions and the scheduling of motions;**

Unless the Case settles before then, Plaintiffs' will move for Class Certification by September 8, 2017. Defendants will have until October 6, 2017 to oppose. Plaintiffs' will have until October 27, 2017 to reply.

**g.     Anticipated discovery and the scheduling of discovery, including:**

    **1)     what changes, if any, should be made in the timing, form,**

**or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties intend to exchange initial disclosures on April 3, 2017. Documents identified will be produced on a rolling basis.

**2)   the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

The parties suggest that this be discussed at a Case Management Conference after the Court has ruled on Plaintiffs' Motion for Class Certification.

**3)   what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and**

The parties do not suggest changes.

**4)   the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

The parties request that the Court set the schedule for expert reports at a Case Management Conference scheduled after the Court has ruled on Plaintiffs' Motion for Class Certification.

**h.   Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial;**

The parties request that these dates be set at a Case Management Conference to be scheduled within 30 days after the Court rules on Plaintiffs' Motion for Class Certification.

**i.   Appropriateness of special procedures;**

N/A.

**j.      Estimate of trial time;**

Plaintiffs: 3 weeks to present their prima facie case on liability issues.

Defendants: 2 weeks to present defense.

**k.      Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;**

The parties do not request modification.

**l.      Whether the case is related to any other case, including any matters in bankruptcy;**

No.

**m.      Whether a settlement conference should be scheduled; and**

Yes. The Parties request that a settlement conference be scheduled before Magistrate Judge Newman in approximately three months, as his calendar permits.

**n.      Any other matters that may add to the just and expeditious disposition of this matter.**

N/A.

Dated: March 9, 2017                    ALTSHULER BERZON LLP

                                By:            */s/ James M. Finberg*
                                        James M. Finberg
                                        Eve H. Cervantez
                                        Meredith A. Johnson
                                        177 Post Street, Suite 300
                                        San Francisco, CA 94108
                                        Telephone: (415) 421-7151
                                        Facsimile:(415) 362-8064
                                        jfinberg@altber.com
                                        ecervantez@altber.com
                                        mjohnson@altber.com

| | | |
|---|---|---|
| Dated: March 9, 2017 | | CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION |
| | By: | /s/ *Dawson Morton* |
| | | Dawson Morton |
| | | R. Erandi Zamora |
| | | Alexandra Revelas |
| | | 2210 K Street, Suite 201 |
| | | Sacramento, CA 95816 |
| | | Telephone: (916) 538-877 |
| | | Facsimile: (916) 446-3057 |
| | | dmorton@crlaf.org |
| | | ezamora@crlaf.org |
| | | arevelas@crlaf.org |
| Dated: March 9, 2017 | | MAYALL HURLEY P.C. |
| | By: | */s/ Robert J. Wasserman* |
| | | Robert J. Wasserman |
| | | William J. Gorham |
| | | Nicholas J. Scardigli |
| | | Vladimir J. Kozina |
| | | 2453 Grand Canal Boulevard |
| | | Stockton, California 95207-8253 |
| | | Telephone:  (209) 477-3833 |
| | | Facsimile:  (209) 477-4818 |
| | | rwasserman@mayallaw.com |
| | | wgorham@mayallaw.com |
| | | nscardigli@mayallaw.com |
| | | vjkozina@mayallaw.com |

*Attorneys for Individual and Representative Plaintiffs HERNAN GUZMAN PADILLA, and CIPRIANO BENITES, individually and on behalf of all others similarly situated.*

| | | |
|---|---|---|
| Dated: March 9, 2017 | | TERPSTRA HENDERSON |
| | | A Professional Corporation |
| | By: | */s/ Stacy L. Henderson* |
| | | Stacy L. Henderson |
| | | TERPSTRA HENDERSON |
| | | 578 N. Wilma Avenue, Suite A |
| | | Ripon, CA 95366 |
| | | Office:  (209) 599-5003 |
| | | Fax:  (209) 599-5008 |
| | | shenderson@thtlaw.com |
| | | *Attorneys for Defendants* |

8

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: March 9, 2017                                                By: /s/ *James M. Finberg*
                                                                                    James M. Finberg