ALTSHULER BERZON LLP
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
MEREDITH A. JOHNSON (SBN 291018)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altber.com
ecervantez@altber.com
mjohnson@altber.com

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
DAWSON MORTON (SBN 802667, Registered Legal Services
Attorney)
R. ERANDI ZAMORA (SBN 281929)
ALEXANDRA REVELAS (SBN 305201)
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for individuals HERNAN GUZMAN-
PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN
TORRES PEREZ, and GUILLERMO BENITEZ
SANTOYO and all others similarly situated*

[Additional Counsel for Plaintiffs listed on next page]

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO** individually and on behalf of all others similarly situated. <br><br> **Plaintiffs,** <br><br> vs. <br><br> **GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a/ G&H DAIRY** <br><br> **Defendant.** | Case No. 2:17-cv-00196-KJN <br><br> **PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONDITIONAL CERTIFICATION OF CLASSES AND PRELIMINARY APPROVAL OF STIPULATION OF CLASS ACTION SETTLEMENT AND CONSENT DECREE** <br><br> Date: August 10, 2017 <br> Time: 10:00 am <br> Judge: Hon. Magistrate Judge Newman <br> Courtroom 25, 8th Floor |

1  MAYALL HURLEY P.C.
   ROBERT J. WASSERMAN, Bar No. 258538
2  WILLIAM J. GORHAM, Bar No.  151773
   NICHOLAS J. SCARDIGLI, Bar No.  249947
3  VLADIMIR J. KOZINA, Bar No. 284645
4  2453 Grand Canal Boulevard
   Stockton, California 95207-8253
5  Telephone:  (209) 477-3833
   Facsimile:  (209) 477-4818
6  rwasserman@mayallaw.com
7  wgorham@mayallaw.com
   nscardigli@mayallaw.com
8  vjkozina@mayallaw.com

9  *Attorneys for individuals HERNAN GUZMAN-*
   *PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN*
10 *TORRES PEREZ, and GUILLERMO BENITEZ*
   *SANTOYO and all others similarly situated*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF UNOPPOSED MOTION AND MOTION

TO DEFENDANTS G&H DAIRY, GERARD VAN DE POL, AND HENRY VAN DE POL AND ITS COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on August 10, 2017, at 10:00 a.m., in Courtroom 25 on the 25th floor of this Court located at 501 I Street, Sacramento, CA 95814, Plaintiffs Hernan Guzman-Padilla, Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo and all others similarly situated will move and hereby move the Court for an order granting the following relief:

(1)     Conditionally certifying the proposed settlement classes, under Fed. R. Civ. P. 23(a) and (b)(3), defined as follows:

a.     "Employee Class" and "Employee Class Members":  All Hispanic persons born outside of the United States employed by Defendants at any time between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period"), except for those who file a timely request to opt out of the Employee Class.

b.     "Housing Class" and "Housing Class Members":  All Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period") except for those who file a timely request to opt out of the Housing Class.

(2)     Appointing Plaintiffs Hernan Guzman-Padilla, Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo as the class representatives of the conditionally certified Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

(3)     Appointing Altshuler Berzon LLP, California Rural Legal Assistance Foundation, and Mayall Hurley P.C. as Class Counsel for the certified Settlement Classes;

(4)     Preliminarily approving the Parties' proposed class action settlement and proposed Consent Degree as non-collusive and within the range of possible settlement approval;

(5)     Setting a final Fairness Hearing for October 12, 2017, or the earliest available date thereafter, to (a) determine whether the proposed settlement and Consent Decree should be approved

1

as a fair, reasonable, and adequate settlement of the claims encompassed by the settlement; (b) determine whether to grant Class Counsel's motion for attorney's fees and reimbursement of costs and expenses; and (c) determine whether to grant Representative Plaintiffs' application for service awards;

(6)    Directing notice of the settlement class action, the proposed settlement, and the Fairness Hearing to Class Members pursuant to Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1);

(7)    Appointing CPT Group as the Settlement Administrator; and

(8)    Directing the implementation of the plan for directing notice to the Class Members on the terms set forth in the Proposed Order (1) Granting Preliminary Approval of Class Action Settlement; (2) Certifying Settlement Classes; and (3) Setting Schedule for Final Approval Process, and setting forth the dates or deadlines for opting out and objecting and for the Parties and the Settlement Administrator to perform the required acts relating to the notice process as provided in the Proposed Order.

This Motion is based on the Stipulation of Settlement and [Proposed] Consent Decree (attached as Exhibit A to the Proposed Order (1) Granting Preliminary Approval of Class Action Settlement; (2) Certifying Settlement Classes; and (3) Setting Schedule for Final Approval Process); the accompanying Memorandum of Points and Authorities; the Declarations of James M. Finberg, Dawson Morton, and Robert Wasserman in support of this Motion; the [Proposed] Order filed herewith and its exhibits; the other records and pleadings filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

The Defendants do not oppose this Motion.

Dated: July 7, 2017                                    Respectfully submitted,

                                                       /s/ James M. Finberg
                                                       ALTSHULER BERZON LLP

                                                       *Attorneys for individuals HERNAN GUZMAN-*
                                                       *PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN*
                                                       *TORRES PEREZ, and GUILLERMO BENITEZ*
                                                       *SANTOYO and all others similarly situated*

2

# Table of Contents

Table of Authorities ................................................................................................. iii

I. Introduction.......................................................................................................... 1

II. Factual and Procedural History ......................................................................... 2

III. Summary of Consent Decree Terms ................................................................ 4

    A. Monetary Relief ............................................................................................ 4

        1. Class Monetary Relief ............................................................................. 4

            a. Individual Monetary Awards to Class Members................................. 4

            b. Service Awards Payments................................................................... 5

            c. Settlement Administration and Payroll Taxes .................................... 5

        2. Resolution of the Individual Claims of Plaintiffs Cipriano Benitez,
            Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo ......................... 6

        3. Attorneys' Fees and Costs ...................................................................... 7

    B. Injunctive Relief............................................................................................ 7

IV. Discussion ........................................................................................................ 8

    A. General Considerations and Procedure for Approving a
        Class Action Settlement .................................................................................. 8

    B. The Court Should Certify the Classes for Settlement Purposes. ........................... 9

        1. The Requirements of Fed. R. Civ. P. 23(a) Are Satisfied. ......................... 10

            a. The Numerosity Requirement is Satisfied......................................... 10

            b. The Commonality Requirement is Satisfied. .................................... 10

            c. Plaintiffs' Claims are Typical of the Settlement
               Classes' Claims. .................................................................................. 11

            d. Plaintiffs Will Adequately Represent the Settlement
               Classes' Interests................................................................................ 11

        2. The Requirements for Rule 23(b)(3) Are Satisfied. .................................. 12

            a. Common Questions of Law and Fact Predominate............................ 12

            b. Class Action is a Superior Method of Adjudication. ......................... 12

    C. The Court Should Preliminarily Approve the Settlement for the Settlement

i

Classes under Rule 23(e)................................................................... 13

   1. Legal Standard............................................................................. 13

   2. The Settlement is the Product of Well-informed, Arm's Length
      Negotiations with No Hint of Collusion..................................... 13

   3. The Settlement Contains No "Obvious Deficiencies.".............................. 13

      a. There is no premium to the Representative Plaintiffs, other than
         for Settlement of Non-Class Claims. .................................... 13

      b. The Plan of Allocation is fair. .......................................... 14

      c. Class Members are not required to take affirmative acts to be paid... 14

      d. The release is fair and reasonable and co-extensive with the
         Complaint. .................................................................... 15

      e. The settlement provides a substantial economic recovery. ............... 15

      f. The settlement provides substantial injunctive relief......................... 15

      g. The requested attorneys' fees and costs are fair and reasonable........ 16

   4. The Settlement is Well Within the Range of Possible Approval................. 16

      a. The strength of Plaintiffs' case and the risk, expense, complexity
         and likely duration of further litigation weigh in favor of settlement.... 16

      b. The settlement amount and individual awards provide reasonable
         compensation for Class Members' damages. ..................................... 17

      c. The experiences and views of counsel weigh in favor of settlement. 17

D.  The Court Should Approve the Notice to the Class Members............................ 18

E. The Court Should Set a Fairness Hearing. ........................................... 19

V. Conclusion........................................................................................ 20

1

**Table of Authorities**

2

3

**CASES**

*Abdullah v. U.S. Sec. Assocs., Inc.*,

   731 F.3d 952 (9th Cir. 2013) .............................................................................. 10, 12

*Amchem Prods., Inc. v. Windsor*,

   521 U.S. 591 (1997).......................................................................................... 11, 12

*Castillo v. ADT, LLC*,

   No. CV 2:15-383 WBS DB, 2017 WL 363108 (E.D. Cal. Jan. 25, 2017) ................................. 14

*Chiaramonte v. Pitney Bowes, Inc.*,

   No. 06-1507, 2008 WL 510765 (S.D. Cal. Feb. 25, 2008)........................................................ 17

*Churchill Vill., LLC v. Gen. Elec.*,

   361 F.3d 566 (9th Cir. 2004) .............................................................................. 18

*Class Plaintiffs v. City of Seattle*,

   955 F.2d 1268 (9th Cir. 1992) .............................................................................. 8

*Clesceri v. City Beach Investigations & Protective Servs., Inc.*,

   No. 10-3873, 2011 WL 320998 (C.D. Cal. Jan. 27, 2011) ........................................ 8, 16, 17, 18

*Gardner v. GC Servs., LP*,

   No. 10-0997, 2011 WL 5244378 (S.D. Cal. Nov. 1, 2011)........................................................ 16

*Garner v. State Farm Mut. Auto Ins. Co.*,

   No. 08-1365, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010)........................................................ 8

*Garnett v. ADT, LLC*,

   No. 2:14-02851 WBS AC, 2016 WL 1572954 (E.D. Cal. Apr. 19, 2016) ................................. 9

*Hanlon v. Chrysler Corp.*,

   150 F.3d 1011 (9th Cir. 1998) .............................................................................. 9

*Horton v. USAA Cas. Ins. Co.*,

   266 F.R.D. 360 (D. Ariz. 2009) .............................................................................. 13

iii

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,

    163 F.R.D. 200 (S.D.N.Y. 1995) ......................................................................................... 9

*In re Tableware Antitrust Litig.*,

    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ........................................................................... 8, 9

*In re Vitamins Antitrust Litig.*,

    No. 99-197, 2001 WL 856292 (D.D.C. July 25, 2001) ...................................................... 9

*In re Wireless Facilities, Inc. Sec. Litig.*,

    253 F.R.D. 630 (S.D. Cal. 2008) ................................................................................... 8, 19

*Just Film, Inc. v. Buono*,

    847 F.3d 1108 (9th Cir. 2017) ........................................................................................... 11

*McNamara v. Bre-X Minerals Ltd.*,

    214 F.R.D. 424 (E.D. Tex. 2002) ........................................................................................ 9

*Misra v. Decision One Mortg. Co.*,

    No. 07-0994, 2009 WL 4581276 (C.D. Cal. Apr. 13, 2009) ............................................. 19

*Morales v. Stevco, Inc.*,

    No. 09-00704, 2011 WL 5511767 (E.D. Cal. Nov. 10, 2011).................................... 16, 17

*Moshogiannis v. Security Consultants Grp., Inc.*,

    No. 10-05971, 2012 WL 423860 (N.D. Cal. Feb. 8, 2012) ............................................. 16

*Officers for Justice v. Civil Serv. Comm'n*,

    688 F.2d 615 (9th Cir. 1982) ............................................................................................ 17

*Rodriguez v. Hayes*,

    591 F.3d 1105 (9th Cir. 2010) ........................................................................................... 11

*Tyson Foods, Inc. v. Bouaphakeo*,

    136 S. Ct. 1036 (2016)....................................................................................................... 12

*Wright v. Linkus Enter., Inc.*,

    259 F.R.D. 468 (E.D. Cal. 2009) ...................................................................................... 19

**STATUTES**

42 U.S.C. § 1981 ............................................................................................................ 1, 3

29 U.S.C. 1801 *et. seq* ........................................................................................................ 3

Cal. Bus. & Prof. Code § 17200 .................................................................................... 1, 3

Cal. Civ. Code § 1542 ........................................................................................................ 15

**FEDERAL RULES**

Federal Rules of Civil Procedure

    Fed. R. Civ. P. 23(a) .................................................................................... *passim*
    Fed. R. Civ. P. 23(a)(1) ............................................................................................ 10
    Fed. R. Civ. P. 23(a)(2) ............................................................................................ 10
    Fed. R. Civ. P. 23(a)(3) ............................................................................................ 11
    Fed. R. Civ. P. 23(a)(4) ............................................................................................ 11
    Fed. R. Civ. P. 23(b)(3) ............................................................................... *passim*
    Fed. R. Civ. P. 23(b)(3)(D) ..................................................................................... 12
    Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................... 18
    Fed. R. Civ. P. 23(e) ................................................................................................ 12
    Fed. R. Civ. P. 23(e)(2) ............................................................................................ 19

**ADDITIONAL AUTHORITIES**

Manual for Complex Litigation, Third § 30.41 (Federal Judicial Center 1995) ........................ 2, 9, 13

Manual for Complex Litigation, Fourth § 21.632 (Federal Judicial Center 2004) ............................ 8

Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, § 13.13 (5th ed., 2014) ............... 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs move for preliminary approval of a comprehensive settlement (including both class monetary relief of $390,000 and extensive injunctive relief) of this class action, which asserts claims under the California Labor Code, including failure to pay overtime and failure to provide meal and rest breaks, as well as violations of the California Fair Employment and Housing Act ("FEHA"), the Unruh Act, the Agricultural Worker Protection Act ("AWPA"), 42 U.S.C. § 1981, and the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200), and claims under the Private Attorneys General Act ("PAGA"). In connection with the settlement approval process, Plaintiffs move for certification of two Settlement Classes:

1. "Employee Class": All Hispanic persons born outside of the United States employed by Defendants at any time between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period"), except for those who file a timely request to opt out of the Employee Class.

2. "Housing Class": All Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period") except for those who file a timely request to opt out of the Housing Class.

After hard-fought litigation, the proposed settlement will afford substantial and immediate compensation to the approximately 120 Class Members. The settlement includes class monetary relief, class injunctive relief, settlement of the non-class claims of three (3) Named Plaintiffs, and attorneys' fees and costs. Defendants will pay $390,000 in class monetary relief, which will give Class Members average payments of approximately $3,000 each (after certain payments, including for class administrator and service awards, are deducted from the $390,000). Defendants will also pay $40,000 to resolve the wrongful termination and retaliation claims of Named Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, and have agreed to pay $170,000 in attorneys' fees and costs, for a total monetary payment of $600,000.

The injunctive relief will include a three (3) year consent decree that requires changes to G&H Dairy's meal break policy and practices, changes to G&H Dairy's policies and practices for

1

1  recording hours and paying overtime, and changes to G&H Dairy's policies and practices regarding

2  employee housing.  The proposed Consent Decree is the product of non-collusive, arms' length

3  negotiations.  Magistrate Judge Kendall Newman presided over the settlement negotiations during a

4  full day settlement conference on June 7, 2017.

5        The proposed Consent Decree easily "fall(s) within the range of possible approval," the

6  lenient standard that governs a preliminary approval motion.  *Manual for Complex Litigation, Third*

7  § 30.41 (Federal Judicial Center 1995).  It therefore warrants notice to the Class Members of the

8  terms of the settlement and a subsequent hearing to consider whether to grant final approval of the

9  settlement as fair, reasonable and adequate.

10       This case presents complex legal and factual issues.  Class Counsel conducted extensive

11 informal investigation and formal discovery.  At the time the settlement was reached, the parties

12 were familiar with the strengths and weaknesses of Plaintiffs' claims.  It is uncertain whether

13 Plaintiffs would have been able to obtain class certification of their claims or ultimately prevail on

14 liability for the Classes through summary judgment, at trial, and on appeal.  Even if Plaintiffs did

15 prevail on liability, it is uncertain what amount they would have recovered for the Classes, or what

16 injunctive relief they would have obtained.  Pursuing this case through trial, and the appeal of any

17 trial victory, would require the expenditure of substantial resources and would take a significant

18 period of time.  Weighing the risks and time and expense of continued litigation against the

19 substantial benefits afforded now by the proposed settlement, the proposed settlement is in the best

20 interest of the Classes.

21       Certification of the Settlement Classes is appropriate because all of the requirements of Fed.

22 R. Civ. P. 23(a) and 23(b)(3) are satisfied.  Since there will be no trial if the settlement is approved,

23 the requirement that the trial be manageable need not be satisfied.

24 **II.    FACTUAL AND PROCEDURAL HISTORY**

25       Plaintiff Guzman-Padilla and Plaintiff C. Benitez, both former employees of G&H Dairy,

26 filed this lawsuit in the United States District Court for the Eastern District of California on January

27 27, 2017.  *See* ECF No. 1.  They alleged violations of the California Labor Code; discrimination in

28

1  housing, in violation of the Fair Employment and Housing Act (FEHA) and Unruh Act; and

2  violations of 42 U.S.C. § 1981 and the California UCL (Cal. Bus. Prof. Code §17200).  *See id.*

3          On April 24, 2017, Plaintiffs filed a First Amended Complaint, which added claims under the

4  Private Attorneys General Act (PAGA), claims under the Agricultural Worker Protection Act, 29

5  U.S.C. 1801 *et. seq.*, and claims for retaliation.  *See* ECF No. 16.  Plaintiffs also added two Named

6  Plaintiffs – former employee Carlos Torres Perez and then-current employee Guillermo Benitez

7  Santoyo.  *See id.*  On May 22, 2017, Plaintiffs filed a Second Amended Complaint, which adds

8  additional retaliation claims on behalf of Plaintiff G. Benitez Santoyo.  *See* ECF No. 24.

9          On March 3, 2017, the parties toured a majority of Defendants' employee housing.  *See*

10  Declaration of James M. Finberg (henceforth, "Finberg Decl.") ¶ 18.

11          Plaintiffs served a request for production of documents on March 3, 2017.  *See id.* ¶ 16.

12  Defendants produced responsive documents on April 7, 2017, April 14, 2017, and again on April 26,

13  2017.  *See id.*  Plaintiffs produced documents to Defendants pursuant to informal document requests.

14  *See id.*  On May 23, 2017, Plaintiffs took the 30(b)(6) deposition of G&H Dairy, for which it

15  designated partners Gerard Van de Pol and Henry Van de Pol and Office Manager Teresa Egan as

16  witnesses.  *See id.* ¶ 17.

17          The parties arranged for a third-party administrator to send a Belaire notice to persons

18  identified by Defendants as putative members of the Employee Class, which was mailed on May 4,

19  2017.  *See id.* ¶ 19.  On June 7, 2017, the administrator reported that notice had been mailed to 109

20  persons; notice was undelivered to 17 persons; and of the other 92 persons, four (4) asked that their

21  information not be released to Plaintiffs' counsel.  *See id.*

22          On June 7, 2017, at the parties' request, Plaintiffs and Defendants attended a Settlement

23  Conference before Magistrate Judge Kendall J. Newman.  Under the supervision of Magistrate Judge

24  Newman, the parties conducted negotiations at arms-length and without collusion.  *See id.* ¶ 21.

25  These efforts resulted in an agreement to settle this action.  On June 19, 2017, the parties signed a

26  Memorandum of Understanding.  *See id.*  The terms of the parties' agreement are contained in the

27  proposed Consent Decree.

28          Class Counsel believe that the formal and informal discovery conducted in this action – the

3

30(b)(6) deposition of G&H Dairy, the documents produced, the information gathered during the housing inspection, and the information exchanged informally and during the Settlement Conference – are sufficient to assess reliably the merits of the respective parties' positions. *See id.* ¶ 22; Declaration of Robert J. Wasserman (henceforth, "Wasserman Decl.") ¶ 3; Declaration of Dawson Morton (henceforth, "Morton Decl.") ¶ 16.

## III.   SUMMARY OF CONSENT DECREE TERMS

The Consent Decree provides both substantial monetary relief and comprehensive injunctive relief.

### A.   Monetary Relief

Under the Consent Decree G&H Dairy has agreed to pay $600,000, which includes $390,000 in class monetary relief, $40,000 in payments to resolve the wrongful termination and retaliation claims of Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, and $170,000 in attorneys' fees and costs.

#### 1.   Class Monetary Relief

The class monetary relief of $390,000 will be used to (1) provide individual monetary awards to class members, (2) provide service award payments of up to $500 to each of the Named Plaintiffs, (3) pay for notice and settlement administration fees and expenses, and (4) pay for the employer's share of applicable payroll taxes on amounts designated as wages. *See* Consent Decree IV.A.   The "Net Settlement Fund" is the class monetary relief *minus* items (2)-(4), and the "Payout Fund" is the Net Settlement Fund *minus* the amount to be paid to the LWDA to settle Plaintiffs' PAGA claims. [1]

##### a.   Individual Monetary Awards to Class Members

Plaintiffs have allocated 95 percent of the Payout Fund, as well as 25 percent of the amount allocated to settle Plaintiffs' PAGA claim, to the Employee Class. *See* Consent Decree IV.A.1.b. Plaintiffs have assigned class members "shares" that correspond to the number of pay periods

---

[1] The parties have allocated $3,500 to settle Plaintiffs' PAGA claim. Of that amount, 75 percent ($2,625) will be paid to the Labor and Workforce Development Agency (LWDA), and the remaining 25 percent ($875) will be allocated among Employee Class Members consistent with the Plan of Allocation described below. *See* Consent Decree IV.A.1.a.

4

worked by each class member, and are weighted depending on job titles and dates of employment.
Plaintiffs have assigned comparatively larger "shares" to Milkers and Herdsmen, to whom G&H
Dairy did not have a practice of paying overtime prior to September 2016, and comparatively
smaller "shares" to Field Workers, Truckers, and Clerical Drivers, to whom G&H Dairy paid
overtime for at least some part of the class period prior to September 2016.  In addition, Plaintiffs
have reduced the weight of the "shares" that correspond to pay periods worked after September
2016, because Defendants made changes to their practices in approximately September 2016 that
resulted in fewer subsequent Labor Code violations.  Plaintiffs have allocated 5 percent of the
Payout Fund to the Housing Class, and have proposed a plan of allocation that provides each
Housing Class member who is also a member of the Employee Class with an equal share of the
monetary relief.  *Id.* IV.A.1.c.

The Settlement Administrator shall pay the monetary awards to Class Members not later than
45 calendar days after the Effective Date of the Settlement.  *See* Consent Decree IV.A.1.b, IV.A.1.c.
The Settlement Administrator shall make the payments via check, or – if timely requested by the
class member – via bank wire.  *See* Consent Decree IV.A.5.  Settlement checks will remain valid for
a period of 120 calendar days after they issue.  *See* Consent Decree IV.A.5.

### b.     Service Award Payments

Plaintiffs will separately petition the Court to award each of the four Named Plaintiffs up to
$500 from the Net Settlement Fund in recognition of the time, effort, and expense they incurred
pursuing claims against Defendants that ultimately benefited the entire class.  *See* Consent Decree
IV.A.2.  Plaintiffs will submit an application for Service Award Payments to the Court at least
fourteen (14) days prior to the deadline for Class Members to submit objections.  *See* [Proposed]
Order (1) Granting Preliminary Approval of Class Action Settlement; (2) Certifying Settlement
Classes; and (3) Setting Schedule for Final Approval Process (henceforth, "[Proposed] Order").

### c.     Settlement Administration and Payroll Taxes

Plaintiffs expect that the cost of notice and settlement administration will be approximately
$11,000.  Finberg Decl. ¶ 25.  The parties have retained CPT Group to serve as the Settlement
Administrator, subject to Court approval.  *Id.*  CPT Group will mail Notice to approximately 120

5

1  class members. *Id.*; *see also* Exhibit B to [Proposed] Order. Along with Class Notice, CPT Group

2  will mail to each Class Member an "Information and Correction Form" that reflects that employee's

3  job category and dates of employment, which will be used to calculate his or her share of the Class

4  Settlement Amount allocated to the Employee Class. *See* Exhibit C to [Proposed] Order. It will also

5  reflect whether that Class Member is a member of the Housing Class. *See id.*

6          Class Members will not be required to submit any forms to receive a share of the Class

7  Settlement Amount. *See* Exhibit B to [Proposed] Order. However, Class Members may choose to

8  return the "Information and Correction Form" to the Class Administrator in order to (a) request to

9  have their monetary recovery transmitted via bank wire, rather than via personal check, or (b)

10 dispute the job category, dates of employment, or inclusion in/exclusion from the Housing Class.

11 *See id.* Class Members may also submit to the Settlement Administrator any written documentation

12 they have supporting their position on the disputed job category, dates of employment, or inclusion

13 in/exclusion from the Housing Class. *See id.* The Settlement Administrator will investigate and

14 review the records submitted in support of any such disputed claims, as well as the records available

15 from Defendants, and will make a final and non-appealable determination of any disputed issues.

16 *See id.* The deadline for Class Members to submit the "Information and Correction Form" is 30

17 calendar days after which the Settlement Administrator mails Class Notice. *See id.*

18         The Settlement Administrator will also send appropriate tax forms to Class Members. *See*

19 Consent Decree IV.A.4.

20                **2.     Resolution of the Individual Claims of Plaintiffs Cipriano Benitez, Carlos
                           Fabian Torres Perez, and Guillermo Benitez Santoyo**

21

22         The parties have agreed that Defendants will pay $40,000 to resolve the non-class wrongful

23 termination and retaliation claims of Named Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez,

24 and Guillermo Benitez Santoyo. *See* Consent Decree IV.B. Of that amount, $800 is allocated to

25 Plaintiff Cipriano Benitez, $24,500 is allocated to Plaintiff Carlos Fabian Torres Perez, and $14,700

26 is allocated to Plaintiff Guillermo Benitez Santoyo. *See id.* The Settlement Administrator shall pay

27 these amounts to the Named Plaintiffs not later than 45 calendar days after the Effective Date of the

28 Settlement. *See id.*

### 3. Attorneys' Fees and Costs

The parties have agreed that Class Counsel may apply to the Court for an award of up to $170,000 for work performed and costs and expenses incurred in this litigation. *See* Consent Decree IV.C. Plaintiffs will submit an application for reasonable Attorneys' Fees and Costs to the Court at least fourteen (14) days prior to the deadline for Class Members to submit objections, including evidence of hours worked and the resulting lodestar, and the Court may decide if the amount is fair, reasonable, and adequate. *See* [Proposed] Order. Should the Court award less than $170,000 to Class Counsel, the amount not awarded Class Counsel will revert to Defendants.

### B. Injunctive Relief

Under the Consent Decree, Defendants have agreed to adopt an amended meal period and rest break policy that complies with California law and to adopt a process by which class members can report missed rest periods. *See* Consent Decree III.A.10-12. Defendants have also agreed to record all employee hours worked, to review all class member time records and reports of missed rest periods, and to compensate employees for all hours worked, including paying overtime and meal and rest break premiums when applicable. *Id.* at III.A.1-4, 9, 13. In addition, Defendants have agreed to adopt written policies reflecting their compensation and overtime requirements and defining the workday(s), and to post and distribute such policies in English and Spanish. *Id.* at III.A.6-7. Defendants have also agreed to provide complete and accurate wage statements to class members, to follow certain procedures for making deductions from employee wages, to timely pay wages at the time of any class member's discharge, to provide annual trainings to Class Members, and to annually provide Milkers with a gift card to a feed store where they can purchase equipment for use in the milking barns. *Id.* at III.A.14-17, 19.

With respect to housing, Defendants have agreed to ensure that all housing provided to employees meets certain habitability requirements, including hot and cold running water, a bathroom, a cooking facility, electrical lighting, and no dampness or visible mold growth, among others. *See* Consent Decree III.B.1. Defendants have also agreed to inspect their employee housing each time a class member moves in or out, to do any reasonably required repairs or maintenance at that time, and to develop and use a checklist for such inspections. *Id.* III.B.2. In addition,

7

1   Defendants will adopt a written policy, in English and Spanish, pertaining to repairs and

2   maintenance of employee housing, and shall respond to and complete repairs and maintenance in a

3   timely manner. *Id.* III.B.3-4.

4        Defendants have also agreed to adopt anti-discrimination and anti-retaliation policies and to

5   create a system for reporting instances of discrimination and harassment based on race, ancestry,

6   alienage, and/or national origin. *Id.* III.C.1-3.  They have also agreed not to retaliate or discriminate

7   against any worker and not to evict or otherwise seek to alter the terms of tenancy of any resident of

8   employee housing in response to a request for maintenance or repairs. *Id.* III.C.5-6.

9   **IV.    DISCUSSION**

10        **A.    General Considerations and Procedure for Approving a Class Action Settlement**

11        It is well settled in this circuit and nationwide that "[j]udicial policy favors settlement in class

12   actions, as substantial resources can be saved by avoiding the time, cost, and rigors of formal

13   litigation." *Clesceri v. City Beach Investigations & Protective Servs., Inc.*, No. 10-3873, 2011 WL

14   320998 at *7 (C.D. Cal. Jan. 27, 2011); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268,

15   1276 (9th Cir. 1992) (noting "the strong judicial policy that favors settlements, particularly where

16   complex class action litigation is concerned"); *Garner v. State Farm Mut. Auto Ins. Co.*, No. 08-

17   1365, 2010 WL 1687832 at *8-9 (N.D. Cal. Apr. 22, 2010) (discussing the Ninth Circuit's long

18   history of deferring "to the private consensual decision of the parties" and declining to "second-

19   guess" settlement terms).

20        The procedure for deciding whether to approve a proposed class action settlement is a two-

21   step process involving a preliminary approval stage and a final fairness hearing.

22        At the preliminary approval stage, if the case has not already been certified as a class action,

23   "[t]he judge should make a preliminary determination that the proposed class satisfies the criteria set

24   out in Rule 23(a) and at least one of the subsections of Rule 23(b)." *Manual for Complex Litigation,*

25   *Fourth* § 21.632, p. 321 (Federal Judicial Center, 2004); *see In re Wireless Facilities, Inc. Sec. Litig.*,

26   253 F.R.D. 630, 634 (S.D. Cal. 2008).

27        At the preliminary approval stage—the present stage in this matter—the court need only

28   determine whether the proposed settlement is "within the range of possible approval." *In re*

8

1  *Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007) (internal quotation marks

2  omitted).  In other words, because the court cannot fully assess a settlement prior to providing class

3  members notice of the settlement and the opportunity to present objections, the court's first-stage

4  analysis consists of a review for "obvious deficiencies."  *Id.* at 1079 (internal quotation marks

5  omitted); *see also, e.g.*, *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y.

6  1995).

7         To grant preliminary approval of the Settlement, the Court must find only that it is non-

8  collusive and within the range of possible final approval.  *In re Tableware Antitrust Litig.*, 484

9  F.Supp.2d at 1079-80; *see also* Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, §

10  13.13 (5th ed., 2014).  This is a minimal standard.

11         As long as preliminary evaluation of the proposed settlement does not "disclose[] grounds to

12  doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class

13  representatives or segments of the class, or excessive compensation for attorneys," and appears to

14  fall "within the range of possible approval," the Court should preliminarily approve the settlement.

15  *Garnett v. ADT, LLC*, No. 2:14-02851 WBS AC, 2016 WL 1572954, at *6 (E.D. Cal. Apr. 19, 2016)

16  (internal quotation marks omitted); *see also, e.g.*, *In re Vitamins Antitrust Litig.*, No. 99-197, 2001

17  WL 856292, at *4 (D.D.C. July 25, 2001).  The Court may also direct the giving of notice to the

18  Class Members of a final approval hearing, "at which arguments and evidence may be presented in

19  support of and in opposition to the settlement."  *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424,

20  430 (E.D. Tex. 2002) (quoting *Manual for Complex Litigation, Third*, § 30.41 at p. 237); 4 Newberg,

21  § 13.42.

22         **B.      The Court Should Certify the Classes for Settlement Purposes.**

23         The proposed Classes satisfy all of the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ.

24  P. 23(b)(3).  A Rule 23(b)(3) settlement class is appropriate "whenever the actual interests of the

25  parties can be served best by settling their differences in a single action."  *Hanlon v. Chrysler Corp.*,

26  150 F.3d 1011, 1022 (9th Cir. 1998) (internal citations and quotes omitted).

27

28

1    Plaintiffs seek to certify two settlement classes pursuant to Federal Rule of Civil Procedure

2    23(b)(3).  The Settlement Classes consist of the following overlapping classes (together, "Classes"

3    or "Settlement Classes")

4    "Employee Class":  All Hispanic persons born outside of the United States employed

5    by Defendants at any time between January 27, 2013 through preliminary approval
     of the settlement (start and end dates inclusive) (the "Class Period"), except for those

6    who file a timely request to opt out of the Employee Class.

7    "Housing Class":  All Hispanic persons born outside of the United States employed

8    by Defendants and their families who were provided housing by the Defendants and
     lived on property owned or managed by the Defendants between January 27, 2013

9    through preliminary approval of the settlement (start and end dates inclusive) (the
     "Class Period") except for those who file a timely request to opt out of the Housing

10   Class.

11   Consent Decree II.F.1.

12           1.      The Requirements of Fed. R. Civ. P. 23(a) Are Satisfied.

13           Federal Rule of Civil Procedure 23(a) sets forth four requirements that must be satisfied for a

14   class to be certified:  (1) the class is so numerous that joinder of all members is impracticable; (2)

15   there are questions of law or fact common to the class; (3) the claims of the representative parties are

16   typical of the claims of the class; and (4) the representative parties will fairly and adequately protect

17   the class's interests.  The Settlement Classes meet all of the requirements for maintaining a class

18   action under Fed. R. Civ. P. 23(a).

19                   a.      The Numerosity Requirement is Satisfied.

20           The first requirement of Rule 23(a) is that the class be so numerous that joinder of all

21   members would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  The numerosity requirement is

22   satisfied here.  According to Defendants, there are approximately 120 Class Members.  The

23   proposed Housing Class is similarly so numerous that joinder of all members is impracticable.

24                   b.      The Commonality Requirement is Satisfied.

25           Commonality is satisfied when "there are questions of law or fact common to the class."

26   *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013) (quoting Fed. R. Civ. P.

27   23(a)(2)).  As discussed *infra*, in connection with the Rule 23(b)(3) predominance requirement, this

28   case presents numerous common questions of law and fact.

10

c.      **Plaintiffs' Claims are Typical of the Settlement Classes' Claims.**

Typicality is demonstrated when other class members "have the same or similar injury," the action is "based on conduct which is not unique to the named plaintiffs," and/or "other class members have been injured by the same course of conduct." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017); *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability" (internal quotation marks and citation omitted)).  Plaintiffs' claims are typical of the Settlement Classes' claims in that their claims arise from the same alleged events and course of conduct as those classes' claims and are based on the same legal theories – i.e., that G&H Dairy did not keep track of employee hours worked, failed to pay overtime, failed to provide meal and rest breaks, and engaged in discriminatory practices in maintaining and repairing the housing it provided to its employees. Accordingly, the requirements of Fed. R. Civ. P. 23(a)(3) are satisfied.

d.      **Plaintiffs Will Adequately Represent the Settlement Classes' Interests.**

The adequacy requirement is met where, as here, the representatives:  (1) have common, and not antagonistic, interests with unnamed members of the class, and (2) will vigorously prosecute the interests of the class through qualified counsel.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).  Plaintiffs will fairly and adequately represent the Settlement Class Members' interests.  They have the same interests as the members of the Settlement Classes and have been actively participating in the litigation of this action since it was filed in January 2017.  Plaintiffs have diligently prosecuted this action to date including, but not limited to, providing Class Counsel with information to help prepare and advance the case and providing documents responsive to informal discovery requests and in support of the claims.  *See* Finberg Decl. ¶ 26; Wasserman Decl. ¶ 4; Morton Decl. ¶ 15.  In addition, Plaintiffs are represented by Class Counsel with ample experience in class action wage and hour litigation and the resources necessary to represent the Settlement Classes. *See* Finberg Decl. ¶¶ 3-13; Wasserman Decl. ¶¶ 9-2; Morton Decl. ¶¶ 3-6.  Accordingly, the requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.

11

1       **2.**        **The Requirements for Rule 23(b)(3) Are Satisfied.**

2         Rule 23(b)(3) provides that a class action may be maintained if the court finds that questions

3 of law or fact common to the class predominate over any questions affecting only individual

4 members, and that a class action is superior to other available methods for fairly and efficiently

5 adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  The proposed Settlement Classes satisfy the

6 requirements of Rule 23(b)(3).

7                **a.**        **Common Questions of Law and Fact Predominate.**

8         Class-wide issues predominate if "common, aggregation-enabling, issues in the case are

9 more prevalent or more important than the non-common, aggregation-defeating, individual issues."

10 *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016); *see also Abdullah*, 731 F.3d at 963-

11 64 (the predominance inquiry "focuses on the relationship between the common and individual

12 issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant

13 adjudication by representation" (internal citation omitted)).  Common questions of law and fact that

14 predominate over individual questions in this case include:  whether G&H Dairy kept complete and

15 accurate time records for non-exempt salaried employees from January 2013 through September

16 2016; whether G&H Dairy paid overtime to non-exempt salaried employees during that period when

17 they worked over ten (10) hours per day or sixty (60) hours per week; whether G&H Dairy had a

18 meal and rest break policy that was not compliant with California law; and whether G&H Dairy

19 engaged in discriminatory practices by failing to repair and maintain its employee housing.

20                **b.**        **Class Action is a Superior Method of Adjudication.**

21         Class adjudication is superior to the alternatives:  (1) hundreds of individualized lawsuits on

22 common issues, which are not only time-consuming and inefficient, but also create a risk of

23 conflicting decisions; and/or (2) the likelihood that the majority of the Settlement Class Members

24 will never have their claims determined on the merits, since many Class Members lack the resources

25 to secure experienced and qualified representation or to see litigation through to completion.

26         Since there will be no trial, the Court need not assess manageability.  *See Amchem Prod.,*

27 *Inc.*, 521 U.S. at 620; Fed. R. Civ. P. 23(b)(3)(D).

28

**C.     The Court Should Preliminarily Approve the Settlement for the Settlement Classes under Rule 23(e).**

**1.     Legal Standard.**

Approval of a class action settlement under Fed. R. Civ. P. 23(e) follows a two-step process: "First, counsel submit the proposed terms of settlement and the Court makes a preliminary fairness evaluation… If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or obvious deficiencies… and appears to fall within the range of possible approval, the court should direct that notice… be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement." *Manual for Complex Litigation, Third*, § 30.41, at pp. 236-237 (synthesizing existing case law).  At the preliminary stage, "[t]he Court should consider whether the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiency, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009) (internal quotes and citations omitted).

**2.     The Settlement is the Product of Well-informed, Arm's Length Negotiations with No Hint of Collusion.**

The Settlement was reached only after substantial litigation and considerable informal discovery, and a full day of arm's-length mediation before Magistrate Judge Kendall Newman.  *See* Finberg Decl. ¶ 21.

**3.     The Settlement Contains No "Obvious Deficiencies."**

**a.     There is no premium to the Representative Plaintiffs, other than for Settlement of Non-Class Claims.**

Although the Representative Plaintiffs can apply for $500 Service Awards each, the Settlement is not contingent on the Court granting those awards.  The $40,000 to be paid to Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, resolves individual retaliation and wrongful termination claims not asserted by Class Members.  This payment is fair because these three plaintiffs had valuable (but disputed) non-class claims, and have waived additional claims that other class members have not waived.  See Consent Decree V.B.

13

1

**b.    The Plan of Allocation is fair.**

2         The plan of allocation is fair.  Plaintiffs have allocated a larger percentage of the class

3   monetary relief to the Employee Class than to the Housing Class, because had this case proceeded to

4   trial, Plaintiffs would have had a greater likelihood of success on their employment claims than their

5   housing discrimination claims.  *See* Finberg Decl. 24.  Within the Employee Class, Plaintiffs have

6   assigned "shares" that correspond to the number of pay periods worked by each class member, and

7   are weighted depending on job titles and dates of employment.  Plaintiffs have assigned

8   comparatively larger "shares" to employee categories for whom G&H Dairy did not have a practice

9   of paying overtime prior to September 2016 and comparatively smaller "shares" to employee

10  categories that were paid overtime for at least some part of the class period prior to September 2016.

11  Similarly, Plaintiffs have assigned larger "shares" for pay periods worked prior to September 2016

12  and smaller "shares" for pay periods worked after September 2016, because Defendants made

13  changes to their practices that resulted in fewer alleged violations after September 2016.  *See*

14  *generally Castillo v. ADT, LLC*, No. CV 2:15-383 WBS DB, 2017 WL 363108, at *3 n.3 (E.D. Cal.

15  Jan. 25, 2017) (granting final approval of settlement where Plaintiffs allocated larger share of funds

16  to weeks worked under "piece rate" system than "hourly rate" system and noting that "[t]he

17  implication of this split is that defendant's 'piece rate' system undercompensated class members

18  more severely than its 'hourly rate' system did").  For the Housing Class, Plaintiffs have proposed a

19  plan of allocation that will divide the funds equally among members of the Housing Class who are

20  also members of the Employee Class.

21         **c.    Class Members are not required to take affirmative acts to be
             paid.**

22         Class Members are not required to submit claims or take any other affirmative action to

23  receive their shares of the settlement (although they are permitted to correct certain information

24  about their employment and residency histories).  This will result in a much higher percentage of the

25  Classes receiving money under the settlement than would be the case if some affirmative step were

26  required.

27

28

14

1

2

            **d.      The release is fair and reasonable and co-extensive with the
                      Complaint.**

3

4

            The release in the settlement is also fair and reasonable.  The release being given by Class

5
Members who do not opt out is limited to the claims that were or could have been asserted in the

6
case based on the allegations in the complaint.  The "Released Claims" of the Employee Class are

7
"all claims of Participating Settlement Class Members of the Employee Class asserted in the Second

8
Amended Complaint on behalf of the Employee Class, and any claims that could have been brought,

9
whether known or unknown, based on or arising out of the facts alleged in the Second Amended

10
Complaint arising during the Class Period."  *See* Consent Decree V.A.  The "Released Claims" of

11
the Housing Class are "all claims of Participating Settlement Class Members of the Housing Class

12
asserted in the Second Amended Complaint on behalf of the Housing Class, and any claims that

13
could have been brought, whether known or unknown, based on or arising out of the facts alleged in

14
the Second Amended Complaint arising during the Class Period."  *See id.*  The Employee Class and

15
Housing Class shall release and waive all of their respective Released Claims, whether known or

16
unknown, suspected or unsuspected, upon any legal theory, as of the Effective Date, and to that

17
extent waive the provisions of Cal. Civil Code § 1542.  *See id.*

            **e.      The settlement provides a substantial economic recovery.**

18

            The Settlement provides for substantial economic recovery by the Classes.  The average

19
payment to Class Members will be approximately $3,000.  *See* Finberg Decl. ¶ 23.

20

            **f.      The settlement provides substantial injunctive relief.**

            The Settlement also provides for substantial injunctive relief.  Going forward, current

21

22
employees of G&H Dairy will be paid for all hours worked, including overtime as required by law,

23
and will receive timely and complete meal periods and rest periods, among other terms required by

24
the Consent Decree.  Current residents of G&H Dairy employee housing will be provided with

25
housing that meets certain habitability standards, and Defendants have agreed to changes in their

26
processes for inspecting employee housing and responding to requests for repairs and maintenance.

27

28

g.    **The requested attorneys' fees and costs are fair and reasonable.**

The requested attorneys' fees and costs are fair and reasonable.  The parties negotiated attorneys' fees and costs separately and on top of the class monetary relief, meaning that any reduction in attorneys' fees does not result in an increase in funds to the class.  *See* Finberg Decl. ¶ 27.  Moreover, the amount requested ($170,000) amounts to less than 33 percent of Class Counsel's lodestar, *see id.*, and is justified by the substantial monetary and injunctive relief that Class Counsel obtained for the Class.  Plaintiffs will file a separate petition with the Court, further explaining and setting forth evidence that $170,000 is a fair and reasonable award.  *See* [Proposed] Order.

**4.  The Settlement is Well Within the Range of Possible Approval.**

When addressing this requirement, courts often tentatively assess the factors that will go into a final fairness determination:  (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount of the settlement; (4) the extent of discovery completed and the stage of the proceedings; and (5) the experience and views of counsel.  *See, e.g.*, *Moshogiannis v. Security Consultants Grp., Inc.*, No. 10-05971, 2012 WL 423860 at *5 (N.D. Cal. Feb. 8, 2012); *Gardner v. GC Servs., LP*, No. 10-0997, 2011 WL 5244378 at *6 (S.D. Cal. Nov. 1, 2011).  At the preliminary approval stage, the review of these factors is "cursory" and is designed to make the parties "aware of areas in which further evidence will be necessary."  *Clesceri*, 2011 WL 320998 at *8.

a.    **The strength of Plaintiffs' case and the risk, expense, complexity and likely duration of further litigation weigh in favor of settlement.**

While Plaintiffs believe they have meritorious claims, they are also cognizant that the Classes face significant procedural, liability, and damages risks moving forward, including but not limited to the following:  the risk that Plaintiffs would not obtain class certification for some or all of their claims; and the risk that the Classes would not prevail on liability – on summary judgment, trial or appeal.  *See* Finberg Decl. ¶ 23.  The Settlement provides a substantial and immediate benefit to the class – both monetary relief and injunctive relief – which is "preferable to lengthy and expensive litigation with uncertain results."  *Morales v. Stevco, Inc.*, No. 09-00704, 2011 WL 5511767 at *10 (E.D. Cal. Nov. 10, 2011) (internal quotation marks and citations omitted).  A prolonged delay is not

16

1  in the interests of the class, who consist of low-wage workers, particularly because such a delay

2  could make it increasingly difficult to locate class members and distribute their shares of the

3  Settlement.  *See* Morton Decl. ¶ 11.

4            b.       **The settlement amount and individual awards provide reasonable**

5                     **compensation for Class Members' damages.**

6        The $390,000 in class monetary relief is a substantial economic recovery.  The settlement

7  will result in individual awards of approximately $3,000 per class member, which is a substantial

8  recovery for Class Members.  *See* Finberg Decl. ¶ 23.

9        Given the procedural, liability and damages hurdles facing them, the total settlement and

10  corresponding awards are very favorable to the Classes.  *See, e.g.*, *Officers for Justice v. Civil Serv.*

11  *Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) ("Of course, the very essence of a settlement is

12  compromise, a yielding of absolutes and an abandoning of highest hopes." (internal quotation marks

13  and citations omitted)); *Chiaramonte v. Pitney Bowes, Inc.*, No. 06-1507, 2008 WL 510765 at *6

14  (S.D. Cal. Feb. 25, 2008) (in wage and hour settlement, noting that funds that are "only a fraction of

15  the potential recovery" have been approved; citing approval of 6% of recovery).

16            c.       **The experiences and views of counsel weigh in favor of settlement.**

17        Class Counsel are very experienced in class litigation, *see* Finberg Decl. ¶¶ 4-13; Wasserman

18  Decl. ¶¶ 9-12; Morton Decl. ¶¶ 3-5.  Prior to negotiating this Settlement with the assistance of

19  Magistrate Judge Kendall J. Newman, Class Counsel reviewed hundreds of pages of documents,

20  including time records, payroll data, and G&H Dairy policies, and conducted an extensive damages

21  analysis.  *See* Finberg Decl. ¶¶ 16, 20.  They also spoke with class members about the facts of their

22  employment and housing.  *See* Wasserman Decl. ¶ 6; Morton Decl. ¶¶ 7, 15.  This thorough review

23  and analysis allowed Class Counsel to evaluate the strengths and weaknesses of the case, as well as

24  the possible outcomes should the case proceed to trial.  *See* Finberg Decl. ¶ 22.  Class Counsel

25  believe that this is a very strong Settlement for the Class.  *See id.* ¶ 23; Wasserman Decl. ¶ 7; Morton

26  Decl. ¶ 16.  Class Counsel's endorsement of the settlement as fair, reasonable, and adequate in light

27  of the risks of further litigation and recommendation that it be approved "is entitled to significant

28  weight, and weighs in favor of settlement."  *See, e.g.*, *Morales*, 2011 WL 5511767 at *11; *Clesceri*,

17

PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONSENT DECREE
Case No. 2:17-cv-00196-KJN

1  2011 WL 320998 at *10.

2  **D.  The Court Should Approve the Notice to the Class Members.**

3  Federal Rule of Civil Procedure 23(c)(2)(B) requires that absent class members receive the

4  "best notice that is practicable under the circumstances."  For a Rule 23(b)(3) class, the notice must

5  clearly and concisely state:  "(i) the nature of the action; (ii) the definition of the class certified; (iii)

6  the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an

7  attorney if the member so desires; (v) that the court will exclude from the class any member who

8  requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of

9  a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P 23(c)(2)(B).  "Notice is

10  satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with

11  adverse viewpoints to investigate and to come forward and be heard."  *Churchill Vill., LLC v. Gen.*

12  *Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotations marks and citations omitted).

13  The proposed Class Notice meets all of the requirements of a notice to Rule 23(b)(3) class

14  members.  *See generally* Ex. B to [Proposed] Order.  The Notice explains in plain and easily

15  understood language what the case is about; the class definition and claims; the settlement amount;

16  the requested amounts to be paid to Class Counsel and as service awards to the Representative

17  Plaintiffs; the rights of Class Members to appear through attorneys at the Final Approval Hearing;

18  the rights of Class Members to opt out or object to the Settlement and the process by which they can

19  do so; the binding effect of the Settlement on those who do not opt out, including a description of the

20  Claims being released; and the particulars of the final fairness hearing.  The Information and

21  Correction Form that will be sent out with the Class Notice sets forth an estimate of the individual

22  amount each Class Member will receive.  *See* Ex. C to [Proposed] Order.

23  The parties' proposed plan for directing notice to the Classes set forth in the Settlement is

24  also "the best notice that is practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B).  Using

25  last-known addresses provided by Defendants, updated as necessary with new addresses obtained

26  from the U.S. Postal Service National Change of Address System, the Settlement Administrator will

27  send the Class Notice by First Class United States Mail to all Class Members.  *See* [Proposed] Order.

28  Further, if any notice is returned as undeliverable, the Settlement Administrator will take reasonable

18

1  steps to find a new mailing address and re-send the Notice.  *See id.*  Plaintiffs are not aware of any

2  additional method of distribution that would be reasonably likely to result in the receipt of notice by

3  Class Members who may otherwise not receive notice pursuant to the proposed distribution plan.

4  *See* Finberg Decl. ¶ 25.  For these reasons, the Settlement's plan for directing notice to class

5  members satisfies Rule 23(c)(2)(B).  *See, e.g.*, *Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 475

6  (E.D. Cal. 2009); *Misra v. Decision One Mortg. Co.*, No. 07-0994, 2009 WL 4581276, *9 (C.D. Cal.

7  Apr. 13, 2009).

8       **E. The Court Should Set a Fairness Hearing.**

9       Because the case meets the requirements for certification of a settlement class and the

10  Settlement meets the requirements for Preliminary Approval, the Court should set a final fairness

11  hearing to decide whether to grant final approval to the Settlement, as well as whether to grant the

12  Representative Plaintiffs' application for an award of service payments and Class Counsel's motion

13  for attorney's fees and costs.  *See In re Wireless Facilities*, 253 F.R.D. at 634; Fed. R. Civ. P.

14  23(e)(2).

15       Plaintiffs request that the Court set the Fairness Hearing for **October 12, 2017**, or the earliest

16  available date thereafter, so as to provide class members with the benefits of this settlement

17  agreement at the earliest date possible.[2]  As reflected in the proposed order submitted herewith,

18  Plaintiffs further request that the Court order that the Motion for Judgment and Final Approval is to

19  be filed with the Court no later than 28 calendar days before the date of the Fairness Hearing.

20       The dates set forth in the proposed order submitted herewith are reflected in the following

21  proposed notice and approval timeline.

| Event | Timeframe | Deadline (Court to fill in based on Preliminary Approval date) |
|---|---|---|
| Preliminary Approval of Class Action Settlement | To be determined by the Court | |

---

[2] The parties have requested a Fairness Hearing of October 12, 2017, so that the Effective Date (and payment to class members) may occur by the end of the year.

19

| Defendants provide Settlement Administrator and Class Counsel with Class Member information | Within five (5) business days after the Court enters its Preliminary Approval Order | |
|---|---|---|
| Settlement Administrator mails Class Notice | Within ten (10) business days after receiving class member information from Defendants | |
| Plaintiffs shall submit applications for service awards and attorneys' fees | At least fourteen (14) days prior to the deadline for Class Members to submit objections | |
| Plaintiffs shall submit application for final approval of class action settlement | Not later than twenty-eight (28) calendar days before the Final Approval Hearing | |
| Class Member deadline for objecting or opting out | Objections or exclusions must be postmarked or delivered not later than thirty (30) calendar days after the Settlement Administrator first mails the Class Notice to Class Members | |
| Plaintiffs may submit reply briefs in support of applications for service awards, attorneys' fees, or final approval of class action settlement, and/or reply brief responding to any filed objections to the settlement | One week prior to Final Approval hearing | |
| Final Approval hearing | To be determined by the Court | |

## V.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court sign and enter an order similar to the proposed order that has been agreed to by the Parties and submitted to the Court, which conditionally certifies the Settlement Classes, preliminarily approves the Settlement, and sets dates for the final approval process.


Dated: July 7, 2017                    ALTSHULER BERZON LLP

By: _____     */s/ James M. Finberg*
                                    James M. Finberg
                                    Eve H. Cervantez
                                    Meredith A. Johnson
                                    177 Post Street, Suite 300

San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:(415) 362-8064
jfinberg@altber.com
ecervantez@altber.com
mjohnson@altber.com

Dated: July 7, 2017

CALIFORNIA RURAL LEGAL ASSISTANCE
FOUNDATION

By: _____/s/ *Dawson Morton*_____
Dawson Morton
R. Erandi Zamora
Alexandra Revelas
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

Dated: July 7, 2017

MAYALL HURLEY P.C.

By: _____/s/ *Robert J. Wasserman*_____
Robert J. Wasserman
William J. Gorham
Nicholas J. Scardigli
Vladimir J. Kozina
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone:  (209) 477-3833
Facsimile:  (209) 477-4818
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

*Attorneys for Individual and Representative Plaintiffs
HERNAN GUZMAN PADILLA, and CIPRIANO
BENITES, individually and on behalf of all others
similarly situated.*

21