| | |
|---|---|
| ALTSHULER BERZON LLP<br>JAMES M. FINBERG (SBN 114850)<br>EVE H. CERVANTEZ (SBN 164709)<br>MEREDITH A. JOHNSON (SBN 291018)<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064<br>jfinberg@altber.com<br>ecervantez@altber.com<br>mjohnson@altber.com | TERPSTRA HENDERSON<br>A Professional Corporation<br>STACY L. HENDERSON (SBN 222216)<br>578 N. Wilma Avenue, Suite A<br>Ripon, CA 95366<br>Office: (209) 599-5003<br>Fax: (209) 599-5008<br>shenderson@thtlaw.com<br><br>*Attorneys for Defendants* |

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
DAWSON MORTON (SBN 802667, Registered Legal Services Attorney)
R. ERANDI ZAMORA (SBN 281929)
ALEXANDRA REVELAS (SBN 305201)
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and all others similarly situated*

[Additional Counsel for Plaintiffs listed on next page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HERNAN GUZMAN-PADILLA, CIPRIANO BENITES, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO, individually and on behalf of all others similarly situated.**<br><br>Plaintiffs,<br><br>vs.<br><br>**GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a/ G&H DAIRY**<br><br>**Defendants.** | Case No. 2:17-cv-00196-KJN<br><br>**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) CERTIFYING SETTLEMENT CLASSES; AND (3) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS** |

MAYALL HURLEY P.C.
ROBERT J. WASSERMAN, Bar No. 258538
WILLIAM J. GORHAM, Bar No. 151773
NICHOLAS J. SCARDIGLI, Bar No. 249947
VLADIMIR J. KOZINA, Bar No. 284645
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 477-4818
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

Having reviewed Plaintiffs' Unopposed Motion for Conditional Certification of Classes and Preliminary Approval of Stipulation of Class Action Settlement and Consent Decree; the points and authorities and papers in support thereof; and the proposed Consent Decree (attached hereto as **Exhibit A**), the Court now FINDS, CONCLUDES, and ORDERS as follows:

I. **CERTIFICATION OF SETTLEMENT CLASSES**

    A. **Settlement Classes**

In connection with the settlement of this action, the Court certifies the following two classes under Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> Employee Class: All Hispanic persons born outside of the United States employed by Defendants at any time between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period"), except for those who file a timely request to opt out of the Employee Class.
>
> Housing Class: All Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period") except for those who file a timely request to opt out of the Housing Class.

    B. **Findings Supporting Certification of Classes Under Rule 23:**

        1. **Numerosity:** The proposed Employee Class includes approximately 120 members, and the proposed Housing Class is sufficiently large that joinder of all members is impracticable. With respect to both proposed classes, numerosity under Federal Rule of Civil Procedure 23(a)(1) is satisfied because the classes are so numerous that joinder of all members is impracticable.

        2. **Commonality**: There are many common questions of law and fact, including the following: (1) whether G&H Dairy kept accurate records of the hours of non-exempt employees; (2) whether G&H Dairy paid all overtime compensation due; (3) whether G&H Dairy provided meal and rest breaks in accordance with California law; and (4) whether G&H Dairy engaged in discriminatory practices in providing housing to its employees. Accordingly, the requirements of Federal Rule of Civil Procedure 23(a)(2) are satisfied.

3. **Typicality**: The claims of the Named Plaintiffs are typical of those of the class members since they arise out of the same facts and legal theories as those of class members. Accordingly, the requirements of Federal Rule of Civil Procedure 23(a)(3) are satisfied.

4. **Adequacy**: The proposed class representatives are adequate, since they have no conflicts with other Class Members, and have hired experienced counsel. Accordingly, the requirements of Federal Rules of Civil Procedure 23(a)(4) are satisfied.

5. **Predominance**: Common questions of law and fact related to whether G&H Dairy kept complete and accurate time records for non-exempt salaried employees during the period of July 2013 through September 2016, whether G&H Dairy paid overtime compensation to non-exempt salaried employees during that period, whether G&H Dairy's meal period policy violated California law, and whether G&H Dairy engaged in discriminatory practices in providing housing to its employees predominate over individual issues, as required by Federal Rule of Civil Procedure 23(b)(3).

6. **Superiority and Manageability**: A class action is superior to other methods for adjudicating this case. Because this case is settling, and there will be no trial if the settlement is approved, the Court does not need to determine whether the manageability requirement in Federal Rule of Civil Procedure 23(b)(3)(D) is satisfied.

Accordingly, the Court hereby certifies the Settlement Classes under Federal Rules of Civil Procedure 23(a) and (b)(3).

## II. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

### A. Class Representatives

The Court hereby appoints the following class representatives for both the Employee Class and the Housing Class: Hernan Guzman-Padilla, Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo.

**B.  Class Counsel**

The Court finds and concludes that Altshuler Berzon LLP; California Rural Legal Assistance Foundation; and Mayall Hurley P.C. have extensive experience and expertise in prosecuting class actions, including discrimination and wage-and-hour class actions.  The Court appoints these firms as Class Counsel for the Settlement Classes.

## III. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Consent Decree, including the plan of allocation and the release of claims.  The Court has also read and considered the Declarations of James M. Finberg, Robert Wasserman, and Dawson Morton in support of preliminary approval.  The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.  The assistance of a Magistrate Judge in the settlement process confirms that the Settlement is non-collusive.  The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Court further finds that the settlement of Plaintiffs' representative claims under the California Private Attorneys General Act is fair and reasonable.  Accordingly, the Settlement is hereby preliminarily approved.

## IV. APPROVAL OF THE CLASS NOTICE AND MANNER OF DISTRIBUTION

The parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement, and (2) Final Settlement Approval Hearing (the "Class Notice") (attached hereto as **Exhibit B**) and a proposed Information and Correction Form (attached hereto as **Exhibit C**). The parties propose that the Settlement Administrator mail the Class Notice (in English and in Spanish) and the Information and Correction Form (in English and in Spanish) to Class Members by first class U.S. Mail to the last known addresses of the Class Members in G&H Dairy's records, as updated by a search of the U.S. Postal Service's National Change of Address Database.  The Court finds and concludes as follows:

### A. Best Notice Practicable

The proposed Class Notice is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement, and to decide whether or not to object or opt out.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members (in both English and Spanish) of: (1) appropriate information about the nature of this action, the definitions of the Employee Class and Housing Class, and the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation and a description of the injunctive terms of the Consent Decree; (2) appropriate information about Plaintiffs' forthcoming application for service payments for the Class Representatives and Class Counsel's application for Attorneys' Fees and Costs; (3) appropriate information about this Court's procedures for final approval of the Settlement, and about Class members' right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement, if they so choose; and (5) appropriate information about how to elect not to participate in the Settlement, if a Class Member wishes not to participate.

### B. Plan of Distribution of Class Notice

The proposed plan for distributing the Class Notice is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, within five (5) business days following the date upon which the Court enters an Order preliminarily approving the Consent Decree (the "Preliminary Approval Date"), Defendants shall prepare and deliver to Class Counsel and the Settlement Administrator the following information: (i) the full names, social security numbers, Individual Taxpayer Identification Numbers (ITIN) or other taxpayer identifying information, last-known addresses and last-known telephone numbers, start dates, and, if applicable, end dates of employment with Defendants of all potential Employee Class Members, and (ii) the full names, last-known addresses and last-known telephone numbers, of all potential Housing Class Members (together, the "Mailed Notice Class List").

Prior to mailing the notice to individuals on the Mailed Notice Class List, the Settlement Administrator shall update the Mailed Notice Class List with any new addresses for such individuals it may obtain from the U.S. Postal Service National Change of Address System. Within ten (10) business days of receiving the names and addresses of class members, the Settlement Administrator

shall mail, via first class United States Mail or via international mail if necessary, postage prepaid, notice of the class settlement in the form of the Class Notice attached hereto as **Exhibit B**, to each person on the Mailed Notice Class List. The Settlement Administrator shall also mail, together with the Class Notice, a personalized "Information and Correction Form" (attached hereto as **Exhibit C**) that reflects each class member's designated job category, dates of employment, and inclusion in or exclusion from the Housing Class, and provides the Class Member with the opportunity to challenge any of these designations. If any notice is returned as undeliverable, the Administrator will take reasonable steps to find a new mailing address and re-send the Notice.

Defendants will also post the Class Notice at each G&H Dairy location where employees work, which will provide additional notice of the settlement to current members of the Employee Class.

The proposed notice plan is reasonably likely to notify Class Members of the settlement terms and of their rights and options. The Court finds that the dates selected for the mailing and distribution of the Notice meet the requirements of due process and provide the best notice practicable under the circumstances.

### C. Approval of Form of Class Notice and Plan of Distribution

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Federal Rule of Civil Procedure 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby orders as follows:

1. The form of the Class Notice is approved.
2. The form of the Information and Correction Form is approved.
3. The manner of distributing the Class Notice to the Classes is approved.
4. Promptly following the entry of this order, the Settlement Administrator shall prepare final versions of the Class Notice and the Information and Correction Form, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.
5. Except as otherwise specified herein, the Court, for purposes of this Order, adopts all defined terms set forth in the Consent Decree.

7

6. Within five (5) business days after the Court enters its Preliminary Approval Order, Defendants shall provide the Settlement Administrator and Class Counsel with the following information: (i) the full names, social security numbers, Individual Taxpayer Identification Numbers (ITIN) or other taxpayer identifying information, last-known addresses and last-known telephone numbers, start dates, and, if applicable, end dates of employment with Defendants of all potential Employee Class Members, and (ii) the full names, last-known addresses and last-known telephone numbers, of all potential Housing Class Members (together, the "Mailed Notice Class List"). This information will be drawn from Defendants' payroll records and other records of employment and tenancy. Defendants shall consult with the Settlement Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Settlement Administrator.

7. Prior to the mailing of the Class Notice, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address ("NCOA") database or equivalent system.

8. Within ten (10) business days after receiving the class member information from Defendants, the Settlement Administrator will mail, via first-class mail, the Class Notice to all Class Members at their last known address or at the most recent address that may have been obtained through the U.S. Postal Service National Change of Address System.

9. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the notice materials are returned by the U.S. Postal Service as undeliverable. The Settlement Administrator will trace all returned undeliverable Notice Materials and re-mail them to the most recent address available. The Settlement Administrator will promptly notify Class Counsel and counsel for Defendants of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

10. The Settlement Administrator will take all other actions in furtherance of claims administration as are specified in the Consent Decree.

**V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

    **A. Final Approval Hearing**

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for Thursday, October 12, 2017 at 10:00 a.m. Prior to the Final Approval Hearing, counsel for Defendants will file a declaration with the Court confirming that it complied with the notice requirements of the Class Action Fairness Act.

    **B. Deadline to Elect Not to Participate in the Settlement**

        1. <u>Form of Election</u>

Class Members may exclude themselves from participating in the Settlement. To do so, the Class Member must submit a written request not to participate in the Settlement.

        2. <u>Deadline for Submitting Election not to Participate</u>

Class Members will have thirty (30) calendar days after the date on which the Settlement Administrator mails Class Notice to submit to the Settlement Administrator a valid, written request not to participate in the Settlement for purposes of monetary relief. A valid, written request not to participate in the Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than thirty (30) calendar days after the Settlement Administrator first mails the Class Notice to Class Members, or (ii) delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. Opt-out statements shall be mailed or delivered to the Settlement Administrator.

Opt-out statements shall, at a minimum, contain the class member's full name, address, phone number, and social security number or taxpayer identification number.

Only those class members who request exclusion from the Settlement in the time and manner set forth herein shall be excluded from the Settlement.

The Settlement Administrator shall stamp the date received on the original of any opt-out statement it receives and serve copies of the statement on Class Counsel and Defendants' counsel not later than two (2) business days after receipt thereof and shall file the date-stamped originals of

any opt-out statements with the Clerk of the Court no later than five (5) business days prior to the date of the final approval hearing. The Settlement Administrator shall retain copies of all opt-out statements in its files under such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order.

If more than ten percent (10%) of the Class Members opt out, the parties' settlement shall be considered void *ab initio* and shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever. In the event that more than ten percent (10%) of the Class Members opt out, the parties shall meet and confer in good faith to determine whether they are able to reach an alternate settlement agreement.

### C. Deadline for Filing Objections to Settlement

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing, either in English or in Spanish.

Class Members will have thirty (30) calendar days after the date on which the Settlement Administrator mails Class Notice to submit an objection to the Settlement Administrator. A written objection will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than thirty (30) calendar days after the Settlement Administrator first mails the Class Notice to Class Members, or (ii) delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. Objections shall be mailed or delivered to the Settlement Administrator.

Objections shall, at a minimum, contain the objector's full name, address, and phone number. They must also contain the objector's basis for objection and the name and number of the case.

Class Members who have timely and properly objected to the Settlement in writing may also appear at the Final Approval Hearing. Any Class Member who does not timely file a written objection will not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

The Settlement Administrator shall stamp the date received on the original of any objections it receives and serve copies of the objections on Class Counsel and Defendants' Counsel not later

than two (2) business days after receipt thereof and shall file the date-stamped originals of any objections with the Clerk of the Court no later than five (5) business days prior to the date of the final approval hearing. The Settlement Administrator shall retain copies of all written objections in its files under such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order.

### D. Rescission of Opt-Outs and Withdrawals of Objections

Class Members shall be permitted to rescind any Opt-Out Statement or withdraw any objection by submitting a written notice, in English or Spanish, to the Settlement Administrator no later than ten (10) days prior to the final approval hearing. Rescission statements and objection withdrawals may be mailed or delivered to the Settlement Administrator. The Settlement Administrator shall stamp the date received on the original of any rescission statements or objection withdrawals it receives and serve copies of the documents on Class Counsel and Defendants' Counsel not later than two (2) business days after receipt thereof and shall file the date-stamped originals of any rescission statements or objection withdrawals with the Clerk of the Court no later than five (5) business days prior to the date of the final approval hearing. The Settlement Administrator shall retain copies of all rescission statements or objection withdrawals in its files under such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order.

### E. Deadline for Submitting Motion Seeking Final Approval

Not later than twenty-eight (28) calendar days before the Final Approval Hearing, Plaintiffs will file a motion for final approval of the Settlement. One (1) week or more before the Final Approval Hearing, Plaintiffs may file a reply brief responding to any filed objections or opposition memoranda to the motion.

### F. Deadline for Motion for Approval of Class Representatives Payments

At least fourteen (14) days prior to the deadline for Class Members to submit objections, Plaintiffs shall file a motion for approval of service payments for the Class Representatives. One (1) week or more before the Final Approval Hearing, Plaintiffs may file a reply brief responding to any filed objections or opposition memoranda to the motion.

### G. Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award

At least fourteen (14) days prior to the deadline for Class Members to submit objections, Plaintiffs shall file an application for reasonable Attorneys' Fees and Costs. One (1) week or more before the final Approval Hearing, Class Counsel may file a reply brief responding to any filed objections or opposition memoranda to the motion.

### H. Notification to Appropriate Federal and State Officials under CAFA

Defendants shall mail CAFA notice (as required by 28 U.S.C. § 1715) by July 14, 2017, and shall file a declaration with the Court attesting to having done so.

## VI. RELEASE OF CLAIMS

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, the Named Plaintiffs and every Class Member who does not validly and timely request not to participate in the Settlement will, pursuant to the Settlement, be adjudicated to have released the Released Claims, as defined in the Consent Decree.

## VII. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

CPT Group is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Consent Decree.

Dated: August 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE