1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALTSHULER BERZON LLP
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
MEREDITH A. JOHNSON (SBN 291018)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:(415) 362-8064
jfinberg@altber.com
ecervantez@altber.com
mjohnson@altber.com

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
DAWSON MORTON (SBN 802667, Registered Legal Services Attorney)
R. ERANDI ZAMORA (SBN 281929)
ALEXANDRA REVELAS (SBN 305201)
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and the Employee and Housing Classes*

[Additional Counsel for Plaintiffs listed on next page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO** individually and on behalf of all others similarly situated.<br><br>**Plaintiffs,**<br><br>vs.<br><br>**GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a/ G&H DAIRY**<br><br>**Defendant.** | Case No. 2:17-cv-00196-JAM-KJN<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF STIPULATION OF CLASS ACTION SETTLEMENT AND [PROPOSED] CONSENT DECREE**<br><br>Date: October 12, 2017<br>Time: 10:00 am<br>Judge: Hon. Magistrate Judge Newman<br>Courtroom 25, 8th Floor |

MAYALL HURLEY P.C.
ROBERT J. WASSERMAN, Bar No. 258538
WILLIAM J. GORHAM, Bar No. 151773
NICHOLAS J. SCARDIGLI, Bar No. 249947
VLADIMIR J. KOZINA, Bar No. 284645
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 477-4818
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and the Employee and Housing Classes*

## NOTICE OF UNOPPOSED MOTION AND MOTION

TO DEFENDANTS G&H DAIRY, GERARD VAN DE POL, AND HENRY VAN DE POL AND ITS COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on October 12, 2017, at 10:00 a.m., in Courtroom 25 on the 25th floor of this Court located at 501 I Street, Sacramento, CA 95814, Plaintiffs Hernan Guzman-Padilla, Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, on behalf of themselves and the Employee and Housing Classes, will move and hereby move the Court for an order granting the following relief:

(1)    Confirming final certification of the two classes conditionally certified on August 16, 2017, under Fed. R. Civ. P. 23(a) and (b)(3), defined as follows:

a.    "Employee Class" and "Employee Class Members":  All Hispanic persons born outside of the United States employed by Defendants at any time between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period"), except for those who file a timely request to opt out of the Employee Class.

b.    "Housing Class" and "Housing Class Members":  All Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period") except for those who file a timely request to opt out of the Housing Class.

(2)    Confirming the appointment of Plaintiffs Hernan Guzman-Padilla, Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo as the class representatives of the Employee and Housing Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

(3)    Confirming the appointment of Altshuler Berzon LLP, California Rural Legal Assistance Foundation, and Mayall Hurley P.C. as Class Counsel for the Employee and Housing Classes;

(4)    Granting final approval to the Parties' proposed class action settlement and entering the [Proposed] Consent Decree as the Court's order.

1

2      This Motion is based on the Stipulation of Settlement and [Proposed] Consent Decree

3  (attached as Exhibit A to the Proposed Order (1) Granting Preliminary Approval of Class Action

4  Settlement; (2) Certifying Settlement Classes; and (3) Setting Schedule for Final Approval Process);

5  the accompanying Memorandum of Points and Authorities; the Declarations of James M. Finberg,

6  Dawson Morton, and Robert Wasserman in support of the Motion for Preliminary Approval; the

7  other records and pleadings filed in this action; and upon such other documentary and oral evidence

8  or argument as may be presented to the Court at the hearing of this Motion.

9

10 Dated: September 13, 2017                          Respectfully submitted,

11                                                    /s/ James M. Finberg
                                                      ALTSHULER BERZON LLP
12
                                                      *Attorneys for individuals HERNAN GUZMAN-*
13                                                    *PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN*
                                                      *TORRES PEREZ, and GUILLERMO BENITEZ*
14                                                    *SANTOYO and all others similarly situated*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS' NOTICE OF UNOPPOSED MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
ISO FINAL APPROVAL OF CLASS ACTION SETTLEMENT & CONSENT DECREE Case No. 2:17-cv-00196-KJN

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. ii

I. INTRODUCTION ....................................................................................................1

II. FACTUAL AND PROCEDURAL HISTORY .........................................................3

III. SUMMARY OF CONSENT DECREE TERMS ......................................................4

    A. Monetary Relief ..................................................................................................4

        1. Class Monetary Relief.....................................................................................5

            a. Individual Monetary Awards to Class Members ................................5

            b. Service Award Payments ....................................................................6

            c. Settlement Administration ..................................................................6

        2. Resolution of the Individual Claims of Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo....................................................7

        3. Attorneys' Fees and Costs ..............................................................................7

    B. Injunctive Relief ..................................................................................................7

IV. DISCUSSION ...........................................................................................................8

        1. The settlement is fair, reasonable, and adequate..............................................9

            a. The strength of Plaintiffs' case and the risk of maintaining class action status throughout the trial...............................................................10

            b. The risk, expense, complexity, and likely duration of further litigation.........10

            c. The Monetary and Injunctive Relief are Substantial......................................10

            d. Experience and views of counsel....................................................................12

            e. Class Members' reactions to the proposed settlement ....................................12

        2. The Settlement Provides an Award to the LWDA in Consideration for the Settlement of the PAGA Claim.............................................................................13

V. CONCLUSION ........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Castillo v. ADT, LLC*,
   No. CV 2:15-383 WBS DB, 2017 WL 363108 (E.D. Cal. Jan. 25, 2017) ....................................12

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ...................................................................................................2

*Clesceri v. Beach City Investigations & Protective Services, Inc.*
   No. CV–10–3873–JST (RZx), 2011 WL 320998 (C.D. Cal. Jan 27, 2011)..............................12

*Garner v. State Farm Mut. Auto. Ins. Co.*,
   No. 08-1365, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010).........................................................13

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..................................................................................................2

*Hopson v. Hanesbrands, Inc.*,
   No. CV-08-0844 EDL, 2008 WL 338542 (N.D. Cal. Aug. 8, 2008)...........................................13

*In re M.L. Stern Overtime Litig.*,
   No. 07-CV-0118-BTM (JMA), 2009 WL 995864 (S.D. Cal. Apr. 13, 2009)...............................13

*Morales v. Stevco, Inc.*
   No. 1:09–cv–00704 AWI JLT, 2011 WL 5511767 (E.D. Cal. Nov. 10, 2011)...........................12

*Munoz v. UPS Ground Freight, Inc.*,
   No. C 07-00970 MHP, 2009 WL 1626376 (N.D. Cal. June 9, 2009) ..........................................13

*Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)..........................................................................................12, 13

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ............................................................................................9, 10, 12

*In re Omnivision Tech., Inc.*,
   559 F.Supp.2d 1036 (N.D. Cal. 2008) .....................................................................................8, 9

*In re Syncor Erisa Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ..................................................................................................8

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ......................................................................................................9

**State Cases**

*Nordstrom Comm'n Cases (2010)*
    186 Cal.App.4th 576 .................................................................................................13

**Federal Statutes**

29 U.S.C. § 1801 ...........................................................................................................3

42 U.S.C. § 1981 ........................................................................................................1, 3

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................1, 3

Cal. Civil Code § 1542................................................................................................11

**Federal Rules**

Fed. R. Civ. P. 23(e)(2)................................................................................................8

## I.   **INTRODUCTION**

Plaintiffs move for final approval of a comprehensive settlement (including both class monetary relief of $390,000 and extensive injunctive relief) of this class action, which asserts claims under the California Labor Code, including failure to pay overtime and failure to provide meal and rest breaks, as well as violations of the California Fair Employment and Housing Act ("FEHA"), the Unruh Act, the Agricultural Worker Protection Act ("AWPA"), 42 U.S.C. § 1981, and the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200), and claims under the Private Attorneys General Act ("PAGA"). In connection with the settlement approval process, on August 16, 2017 the Court certified two Classes:

> 1.  "Employee Class": All Hispanic persons born outside of the United States employed by Defendants at any time between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period"), except for those who file a timely request to opt out of the Employee Class.
>
> 2.  "Housing Class": All Hispanic persons born outside of the United States employed by Defendants and their families who were provided housing by the Defendants and lived on property owned or managed by the Defendants between January 27, 2013 through preliminary approval of the settlement (start and end dates inclusive) (the "Class Period") except for those who file a timely request to opt out of the Housing Class.

(August 16, 2017 Order, Dkt. 36 at 3.)

After hard-fought litigation, the proposed settlement will afford substantial and immediate compensation to the approximately 120 Class Members. The settlement includes class monetary relief, class injunctive relief, settlement of the non-class claims of three (3) Named Plaintiffs, and attorneys' fees and costs. Defendants will pay $390,000 in class monetary relief, which will give Class Members average payments of approximately $3,000 each (after certain payments, including for class administrator and service awards, are deducted from the $390,000). Defendants will also pay $40,000 to resolve the wrongful termination and retaliation claims of Named Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, and have agreed to pay $170,000 in attorneys' fees and costs, for a total monetary payment of $600,000.

The injunctive relief will include a three (3) year consent decree that requires changes to G&H Dairy's meal break policy and practices, changes to G&H Dairy's policies and practices for

1

1  recording hours and paying overtime, and changes to G&H Dairy's policies and practices regarding

2  employee housing. The proposed Consent Decree is the product of non-collusive, arms' length

3  negotiations. Magistrate Judge Kendall Newman presided over the settlement negotiations during a

4  full day settlement conference on June 7, 2017.

5        The proposed Consent Decree is fair, reasonable and adequate. The Consent Decree, fully

6  stratifies the Ninth Circuit standards for settlement approval.

7        This case presents complex legal and factual issues. Class Counsel conducted extensive

8  informal investigation and formal discovery. At the time the settlement was reached, the parties

9  were familiar with the strengths and weaknesses of Plaintiffs' claims. It is uncertain whether

10 Plaintiffs would have been able to prevail on liability for the Classes through summary judgment, at

11 trial, and on appeal. Even if Plaintiffs did prevail on liability, it is uncertain what amount they

12 would have recovered for the Classes, or what injunctive relief they would have obtained. Pursuing

13 this case through trial, and the appeal of any trial victory, would require the expenditure of

14 substantial resources and would take a significant period of time. Weighing the risks and time and

15 expense of continued litigation against the substantial benefits afforded now by the proposed

16 settlement, the proposed settlement is in the best interest of the Classes.

17       The settlement is in line with the strength of Class Members' claims given the risk,

18 expense, complexity, and likely duration of further litigation, including the risks of establishing

19 liability, proving damages at trial and on appeal, and the risks of securing and maintaining class

20 action status throughout the trial and on appeal. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d

21 566, 575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.

22 1998)). It is uncertain whether Plaintiffs would have ultimately been able to certify and maintain

23 all of their claims on a class action basis, and to have prevailed on liability for the Class through

24 summary judgment, at trial, and on appeal on all claims. Even if Plaintiffs did prevail on liability,

25 it is uncertain what amount they would have recovered for the Class. Weighing the risks, time, and

26 expense of continued litigation against the class monetary relief and injunctive relief afforded now

27 by the proposed Consent Decree, the proposed Consent Decree is in the best interest of the

28 Classes.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Guzman-Padilla and Plaintiff C. Benitez, both former employees of G&H Dairy, filed this lawsuit in the United States District Court for the Eastern District of California on January 27, 2017.  *See* ECF No. 1.  They alleged violations of the California Labor Code; discrimination in housing, in violation of the Fair Employment and Housing Act (FEHA) and Unruh Act; and violations of 42 U.S.C. § 1981 and the California UCL (Cal. Bus. Prof. Code §17200).  *See id.*

On April 24, 2017, Plaintiffs filed a First Amended Complaint, which added claims under the Private Attorneys General Act (PAGA), claims under the Agricultural Worker Protection Act, 29 U.S.C. 1801 *et. seq.*, and claims for retaliation.  *See* ECF No. 16.  Plaintiffs also added two Named Plaintiffs – former employee Carlos Fabian Torres Perez and then-current employee Guillermo Benitez Santiago.  *See id.*  On May 22, 2017, Plaintiffs filed a Second Amended Complaint, which added additional retaliation claims on behalf of Plaintiff G. Benitez Santoyo.  *See* ECF No. 24.

On March 3, 2017, the parties toured a majority of Defendants' employee housing.  *See* Declaration of James M. Finberg in Support of Motion for Preliminary Approval (Dkt. 28-1) (henceforth, "Finberg Decl.") ¶ 18.

Plaintiffs served a request for production of documents on March 3, 2017.  *See id.* ¶ 16. Defendants produced responsive documents on April 7, 2017, April 14, 2017, and again on April 26, 2017.  *See id.*  Plaintiffs produced documents to Defendants pursuant to informal document requests. *See id.*  On May 23, 2017, Plaintiffs took the 30(b)(6) deposition of G&H Dairy, for which G&H Diary designated partners Gerard Van de Pol and Henry Van de Pol and Office Manager Teresa Egan as witnesses.  *See id.* ¶ 17.

The parties arranged for a third-party administrator to send a Belaire notice to persons identified by Defendants as putative members of the Employee Class, which was mailed on May 4, 2017.  *See id.* ¶ 19.  On June 7, 2017, the administrator reported that notice had been mailed to 109 persons; notice was undelivered to 17 persons; and of the other 92 persons, four (4) asked that their information not be released to Plaintiffs' counsel.  *See id.*

On June 7, 2017, at the parties' request, Plaintiffs and Defendants attended a Settlement Conference before Magistrate Judge Kendall J. Newman.  Under the supervision of Magistrate Judge

1  Newman, the parties conducted negotiations at arms-length and without collusion.  *See id.* ¶ 21.

2  These efforts resulted in an agreement to settle this action.  On June 19, 2017, the parties signed a

3  Memorandum of Understanding.  *See id.*  The terms of the parties' agreement are contained in the

4  proposed Consent Decree.

5        Class Counsel believe that the formal and informal discovery conducted in this action – the

6  30(b)(6) deposition of G&H Dairy, the documents produced, the information gathered during the

7  housing inspection, and the information exchanged informally and during the Settlement Conference

8  – are sufficient to assess reliably the merits of the respective parties' positions.  *See id.* ¶ 22;

9  Declaration of Robert J. Wasserman in Support of Motion for Preliminary Approval (Dkt. 28-2)

10  (henceforth, "Wasserman Decl.") ¶ 3; Declaration of Dawson Morton in Support of Motion for

11  Preliminary Approval (Dkt. 28-3) (henceforth, "Morton Decl.") ¶ 16.

12        On August 16, 2017, this Court granted preliminary settlement approval to the Proposed

13  Consent Decree, finding it to be the result of arms-length negotiations and within the range of

14  possible settlement approval. Aug. 16, 2017 Order, Dkt. 36 at 5. The Court conditionally certified

15  the Employee Class and Housing Class. *Id*. at 3.

16        The parties retained CPT Group to serve as the Settlement Administrator. (*Id.* at 3.) On

17  September 7, CPT Group will mailed Notice to the approximately 120 class members. Along with

18  the Class Notice, CPT Group mailed to each Class Member an "Information and Correction Form"

19  that reflects that employee's job category and dates of employment.

20        The deadline for objecting to the [Proposed] Consent Decree is October 7.

21  **III.    SUMMARY OF CONSENT DECREE TERMS**

22        The Consent Decree provides both substantial monetary relief and comprehensive injunctive

23  relief.

24        **A.    Monetary Relief**

25        Under the Consent Decree G&H Dairy has agreed to pay $600,000, which includes $390,000

26  in class monetary relief, $40,000 in payments to resolve the wrongful termination and retaliation

27  claims of Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo, and

28  $170,000 in attorneys' fees and costs.

4

### 1.    Class Monetary Relief

The class monetary relief of $390,000 will be used to (1) provide individual monetary awards to class members, (2) provide service award payments of up to $500 to each of the Named Plaintiffs, (3) pay for notice and settlement administration fees and expenses, and (4) pay for the employer's share of applicable payroll taxes on amounts designated as wages.  *See* Consent Decree IV.A.  The "Net Settlement Fund" is the class monetary relief *minus* items (2)-(4), and the "Payout Fund" is the Net Settlement Fund *minus* the amount to be paid to the LWDA to settle Plaintiffs' PAGA claims. [1]

### a.    Individual Monetary Awards to Class Members

Plaintiffs have allocated 95 percent of the Payout Fund, as well as 25 percent of the amount paid to settle Plaintiffs' PAGA claim, to the Employee Class.  *See* Consent Decree IV.A.1.b. Plaintiffs have assigned class members "shares" that correspond to the number of pay periods worked by each class member, and are weighted depending on job titles and dates of employment. Plaintiffs have assigned comparatively larger "shares" to Milkers and Herdsmen, to whom G&H Dairy did not have a practice of paying overtime prior to September 2016, and comparatively smaller "shares" to Field Workers, Truckers, and Clerical Drivers, to whom G&H Dairy paid overtime for at least some part of the class period prior to September 2016.  In addition, Plaintiffs have reduced the weight of the "shares" that correspond to pay periods worked after September 2016, because, after receipt of 226 document request letters on behalf of plaintiffs, Defendants made changes to their practices in approximately September 2016 that resulted in fewer subsequent Labor Code violations.  Plaintiffs have allocated 5 percent of the Payout Fund to the Housing Class, and have proposed a plan of allocation that provides each Housing Class member who is also a member of the Employee Class with an equal share of the monetary relief.  *Id.* IV.A.1.c.

The Settlement Administrator shall pay the monetary awards to Class Members not later than 45 calendar days after the Effective Date of the Settlement.  *See* Consent Decree IV.A.1.b, IV.A.1.c.

---

[1] The parties have allocated $3,500 to settle Plaintiffs' PAGA claim.  Of that amount, 75 percent ($2,625) will be paid to the Labor and Workforce Development Agency (LWDA), and the remaining 25 percent ($875) will be allocated among Employee Class Members consistent with the Plan of Allocation described below.  *See* Consent Decree IV.A.1.a.

The Settlement Administrator shall make the payments via check, or – if timely requested by the class member – via bank wire. *See* Consent Decree IV.A.5. Settlement checks will remain valid for a period of 120 calendar days after they issue. *Id*. IV.A.5.

### b.    Service Award Payments

Plaintiffs will separately petition the Court to award each of the four Named Plaintiffs up to $500 from the Net Settlement Fund in recognition of the time, effort, and expense they incurred pursuing claims against Defendants that ultimately benefited the entire class. *See* Consent Decree IV.A.2. Plaintiffs will submit an application for Service Award Payments to the Court at least fourteen (14) days prior to the deadline for Class Members to submit objections.

### c.    Settlement Administration

Class Members will not be required to submit any forms to receive a share of the Class Settlement Amount. This will result in a much higher percentage of the Classes receiving money under the settlement than would be the case if some affirmative step were required.

If Class Member checks are not cashed, and the total funds remaining are equal to or greater than $3,000 there will be a second distribution of checks to those Class Members who cashed their initial checks. If the total funds remaining are less than $3,000, the parties propose the unclaimed funds should go to the United Way of San Joaquin.[2]

The Settlement Administrator will also send appropriate tax forms to Class Members. *See* Consent Decree IV.A.4.

Considering the risks and uncertainties in the litigation, including the risks of losing some or all claims on the merits, the risks of otherwise not recovering all the monetary relief sought, and the certain delay in any recovery by not settling, the proposed monetary relief and injunctive relief provided for by the Proposed Consent Decree represents very good value for the Class and weighs strongly in favor of final settlement approval.

### 2.    Resolution of the Individual Claims of Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo

---

[2] The United Way of San Joaquin provides assistance to Latinos in the San Jaoquin Valley. http://unitedwaysjc.org/community-impact-grant-recipients

The parties have agreed that Defendants will pay $40,000 to resolve the non-class wrongful termination and retaliation claims of Named Plaintiffs Cipriano Benitez, Carlos Fabian Torres Perez, and Guillermo Benitez Santoyo. *See* Consent Decree IV.B. Of that amount, $800 is allocated to Plaintiff Cipriano Benitez, $24,500 is allocated to Plaintiff Carlos Fabian Torres Perez, and $14,700 is allocated to Plaintiff Guillermo Benitez Santoyo. *See id.* The Settlement Administrator shall pay these amounts to the Named Plaintiffs not later than 45 calendar days after the Effective Date of the Settlement. *See id.*

### 3.    Attorneys' Fees and Costs

G&H Dairy has agreed to pay $170,000 for work performed and costs and expenses incurred in this litigation. *See* Consent Decree IV.C. Class Counsel will submit an application for reasonable Attorneys' Fees and Costs to the Court at least fourteen (14) days prior to the deadline for Class Members to submit objections. The Court will decide if the $170,000 requested and agreed upon is fair, reasonable, and adequate. Should the Court award less than $170,000 to Class Counsel, the amount not awarded Class Counsel will revert to Defendants.

### B.    Injunctive Relief

Under the Consent Decree, Defendants have agreed to adopt an amended meal period and rest break policy that complies with California law and to adopt a process by which class members can report missed rest periods. *See* Consent Decree III.A.10-12. Defendants have also agreed to record all employee hours worked, to review all class member time records and reports of missed rest periods, and to compensate employees for all hours worked, including paying overtime and meal and rest break premiums when applicable. *Id.* at III.A.1-4, 9, 13. In addition, Defendants have agreed to adopt written policies reflecting their compensation and overtime requirements and defining the workday(s), and to post and distribute such policies in English and Spanish. *Id.* at III.A.6-7. Defendants have also agreed to provide complete and accurate wage statements to class members, to follow certain procedures for making deductions from employee wages, to timely pay wages at the time of any class member's discharge, to provide annual trainings to Class Members, and to annually provide Milkers with a gift card to a feed store where they can purchase boots for use in the milking barns. *Id.* at III.A.14-17, 19.

7

1    With respect to housing, Defendants have agreed to ensure that all housing provided to

2   employees meets certain habitability requirements, including hot and cold running water, a

3   bathroom, a cooking facility, electrical lighting, and no dampness or visible mold growth, among

4   others.  *See* Consent Decree III.B.1.  Defendants have also agreed to inspect their employee housing

5   each time a class member moves in or out, to do any reasonably required repairs or maintenance at

6   that time, and to develop and use a checklist for such inspections.  *Id.* III.B.2.  In addition,

7   Defendants will adopt a written policy, in English and Spanish, pertaining to repairs and

8   maintenance of employee housing, and shall respond to and complete repairs and maintenance in a

9   timely manner.  *Id.* III.B.3-4.

10    Defendants have also agreed to adopt anti-discrimination and anti-retaliation policies and to

11   create a system for reporting instances of discrimination and harassment based on race, ancestry,

12   alienage, and/or national origin.  *Id.* III.C.1-3.  They have also agreed not to retaliate or discriminate

13   against any worker and not to evict or otherwise seek to alter the terms of tenancy of any resident of

14   employee housing in response to a request for maintenance or repairs.  *Id.* III.C.5-6.

15   **IV.    DISCUSSION**

16    In order to approve a settlement that would bind class members, the court must find, after

17   notice and a hearing, that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ.

18   P. 23(e)(2).

19    "[T]here is a strong judicial policy that favors settlements, particularly where complex class

20   action litigation is concerned." *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

21   "Despite the importance of fairness, the court must also be mindful of the Ninth Circuit's policy

22   favoring settlement, particularly in class action law suits." *In re Omnivision Tech., Inc.*, 559

23   F.Supp.2d 1036, 1041 (N.D. Cal. 2008) (Conti, J.). While "[t]he court must find that the proposed

24   settlement is fundamentally fair, adequate, and reasonable" *id.*, at 1040, "the court's inquiry is

25   ultimately limited 'to the extent necessary to reach a reasoned judgment that the agreement is not

26   the product of fraud or overreaching by, or collusion between, the negotiating parties.' . . . The

27   court, in evaluating the agreement of the parties, is not to reach the merits of the case or to form

28   conclusions about the underlying questions of law or fact." *Id.* at 1041 (quoting *Officers for Justice*

8

PLS' NOTICE OF UNOPPOSED MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
ISO FINAL APPROVAL OF CLASS ACTION SETTLEMENT & CONSENT DECREE Case No. 2:17-cv-00196-KJN

*v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

In this case, as discussed more extensively in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement: (1) Class Counsel are highly experienced in class action wage and hour litigation; (2) Plaintiffs (and Defendant) conducted extensive discovery and investigation that allowed Class Counsel to act intelligently in negotiating and recommending the settlement; and, (3) the Parties arrived at the settlement through arms-length bargaining involving competent and experienced counsel, supervised by Magistrate Judge Kendall Newman; (4) the monetary and injunctive relief provided by the [Proposed] Consent Decree are substantial, and more than reasonable when weighed against the expense and risks of further litigation. Accordingly, final settlement approval is appropriate. *Officers for Justice*, 688 F. 2d at 625.

### 1.     The settlement is fair, reasonable, and adequate.

The Ninth Circuit has identified several factors the district court should consider, as applicable, in reaching its determination of whether a proposed class action settlement is fair, reasonable, and adequate.

> The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F. 2d at 625. "This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

All the relevant factors identified by the Ninth Circuit weigh in favor of settlement approval in this case.

### a.     The strength of Plaintiffs' case and the risk of maintaining class action status throughout the trial.

Plaintiffs are convinced of the strengths of their claims. However, Defendants are equally adamant about the strength of their defenses. Plaintiffs' claims and Defendant's defenses give rise

to a number of disputed factual and legal issues that go to the core of Plaintiffs' claims and theories of liability and, by extension, to Plaintiffs' entitlement to recover damages and penalties, and/or the proper measure of damages. While Plaintiffs believe their arguments in favor of class certification, are very strong and should have been successful, Plaintiffs were not guaranteed to prevail. Plaintiffs also face risks on the establishing liability and obtaining relief. Plaintiff will have to meet their burden despite most of the Class Members being primarily Spanish speaking. The risks and uncertainties facing the claims of Plaintiffs and the Class weigh in favor of settlement approval.

**b.      The risk, expense, complexity, and likely duration of further litigation.**

Whatever the strength of their claims, Plaintiffs nonetheless faced numerous obstacles to recovery. Assuming the Court certified a class action for trial, Defendants could have appealed from a class certification order, which might have delayed the proceedings considerably and been very expensive.

Additionally, if this case had proceeded to trial, the time and expenses associated with trial preparation would have been considerable. A number of witnesses, and one Plaintiff, live in Mexico. The parties would have had to prepare expert reports and conduct expert discovery, prepare and defend against motions *in limine*, draft trial briefs, prepare deposition designations and trial exhibits, and, ultimately, try the case. A class action trial in this case would be complex, expensive, and extremely time-consuming. Even if Plaintiffs obtained a favorable verdict and judgment on their claims, Plaintiffs and the Class would face additional expenses and delay if, as is likely, Defendant were to appeal.

Taken together, these considerations support approval of the settlement.

**c.      The Monetary and Injunctive Relief are Substantial.**

In determining whether a settlement is fair, reasonable, and adequate, the court must consider the amount offered in settlement. *Officers for Justice*, 688 F.2d at 625. Here the Proposed Consent Decree provides both substantial monetary relief and substantial injunctive relief. In addition to providing $600,000 in monetary relief, the [Proposed] Consent Decree provides for substantial injunctive relief. Going forward, current employees of G&H Dairy will be paid for all

1  hours worked, including overtime as required by law, and will receive timely and complete meal

2  periods and rest periods, among other terms required by the Consent Decree.  Current residents of

3  G&H Dairy employee housing will be entitled to repairs and provided with housing that meets state

4  habitability standards, and Defendants have agreed to changes in their processes for inspecting

5  employee housing and responding to requests for repairs and maintenance.

6       The release in the settlement is also fair and reasonable.  The release being given by Class

7  Members who do not opt out is limited to the claims that were or could have been asserted in the

8  case based on the allegations in the complaint.  The "Released Claims" of the Employee Class are

9  "all claims of Participating Settlement Class Members of the Employee Class asserted in the Second

10  Amended Complaint on behalf of the Employee Class, and any claims that could have been brought,

11  whether known or unknown, based on or arising out of the facts alleged in the Second Amended

12  Complaint arising during the Class Period."  *See* Consent Decree V.A.  The "Released Claims" of

13  the Housing Class are "all claims of Participating Settlement Class Members of the Housing Class

14  asserted in the Second Amended Complaint on behalf of the Housing Class, and any claims that

15  could have been brought, whether known or unknown, based on or arising out of the facts alleged in

16  the Second Amended Complaint arising during the Class Period."  *See id.*  The Employee Class and

17  Housing Class shall release and waive all of their respective Released Claims, whether known or

18  unknown, suspected or unsuspected, upon any legal theory, as of the Effective Date, and to that

19  extent waive the provisions of Cal. Civil Code § 1542.  *See id.*[3]

20  

21      [3] The plan of allocation is also fair.  Plaintiffs have allocated a larger percentage of the class monetary relief to the Employee Class than to the Housing Class, because had this case proceeded to

22  trial, Plaintiffs would have had a greater likelihood of success on their employment claims than their housing discrimination claims.  *See* Finberg Decl. ¶24.  Within the Employee Class, Plaintiffs have

23  assigned "shares" that correspond to the number of pay periods worked by each class member, and are weighted depending on job titles and dates of employment.  Plaintiffs have assigned

24  comparatively larger "shares" to employee categories for whom G&H Dairy did not have a practice of paying overtime prior to September 2016 and comparatively smaller "shares" to employee

25  categories that were paid overtime for at least some part of the class period prior to September 2016. Similarly, Plaintiffs have assigned larger "shares" for pay periods worked prior to September 2016

26  and smaller "shares" for pay periods worked after September 2016, because Defendants made changes to their practices that resulted in fewer alleged violations after September 2016.  *See*

27  *generally Castillo v. ADT, LLC*, No. CV 2:15-383 WBS DB, 2017 WL 363108, at *3 n.3 (E.D. Cal.

28  Jan. 25, 2017) (granting final approval of settlement where Plaintiffs allocated larger share of funds

1    **d.    Experience and views of counsel.**

2    Class Counsel are very experienced in class litigation, *see* Finberg Decl. ¶¶ 4-13; Wasserman

3    Decl. ¶¶ 9-12; Morton Decl. ¶¶1,3-5.  Prior to negotiating this Settlement with the assistance of

4    Magistrate Judge Kendall J. Newman, Class Counsel reviewed hundreds of pages of documents,

5    including time records, payroll data, and G&H Dairy policies, and conducted an extensive damages

6    analysis.  *See* Finberg Decl. ¶¶ 16, 20.  They also spoke with class members about the facts of their

7    employment and housing.  *See* Morton Decl. ¶ 7.  This thorough review and analysis allowed Class

8    Counsel to evaluate the strengths and weaknesses of the case, as well as the possible outcomes

9    should the case proceed to trial.  *See* Finberg Decl. ¶ 22.  Class Counsel believe that this is a very

10   strong Settlement for the Class.  *See id.* ¶ 23; Wasserman Decl. ¶ 7; Morton Decl. ¶ 16.  Class

11   Counsel's endorsement of the settlement as fair, reasonable, and adequate in light of the risks of

12   further litigation and recommendation that it be approved "is entitled to significant weight, and

13   weighs in favor of settlement."  *See, e.g.*, *Morales v. Stevco, In*c., No. 1:09–cv–00704 AWI JLT,

14   2011 WL 5511767, at *11 (E.D. Cal. Nov. 10, 2011); *Clesceri v. Beach City Investigations &*

15   *Protective Service, Inc.,* No. CV–10–3873–JST (RZx), 2011 WL 320998, at *10 (C.D. Cal. Jan 27,

16   2011).

17   **e.    Class Members' reactions to the proposed settlement.**

18   Notice was mailed on September 7, 2017 and to date no Class Member has submitted any

19   objections and no Class Member has opted out.  The deadline for objection is October 7, 2017. The absence

20   of objections and opt outs is a strong indication that the Class has a favorable view of the

21   settlement. This factor too weighs in favor of final settlement approval. *Officers for Justice*, 688

22   F.2d at 625; *Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.,* 221 F.R.D. 523, 529 (C.D. Cal.

23   2004) ("the absence of a large number of objections to a proposed class action settlement raises a

24

25   to weeks worked under "piece rate" system than "hourly rate" system and noting that "[t]he

26   implication of this split is that defendant's 'piece rate' system undercompensated class members
     more severely than its 'hourly rate' system did").  For the Housing Class, Plaintiffs have proposed a

27   plan of allocation that will divide the funds equally among members of the Housing Class who are
     also members of the Employee Class.

28

PLS' NOTICE OF UNOPPOSED MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
ISO FINAL APPROVAL OF CLASS ACTION SETTLEMENT & CONSENT DECREE Case No. 2:17-cv-00196-KJN

1   strong presumption that the terms of a proposed class action settlement are favorable to the class

2   members"); *see also Garner v. State Farm Mut. Auto. Ins. Co.,* No. 08-1365, 2010 WL 1687832, at

3   * 14 (N.D. Cal. Apr. 22, 2010) (Wilken, J.) (citing *Nat'l Rural Telecomm. Cooperative*).

4        To conclude, the proposed settlement is presumptively fair, and all the relevant factors set

5   forth by the Ninth Circuit for considering whether to approve a class action settlement weigh in

6   favor of granting final approval to the proposed settlement in this case. Therefore, the Court should

7   grant final approval to the settlement.

8        **2.    The Settlement Provides an Award to the LWDA in Consideration for the Settlement of the PAGA Claim.**

9        As set forth at length in Plaintiffs' Motion for Preliminary Approval (Dkt. No. 28), the

10  allocation of $3,500 to the PAGA claim is appropriate where the Settlement provides substantial

11  relief to Class Members through a significant settlement payment from Defendant, promoting

12  PAGA's principles in protecting employee rights and the allocation to the PAGA award represents

13  substantial relief to the Class given the risks of pursuing a jury verdict.

14       The allocation proposed in the Settlement Agreement is fair and reasonable and within the

15  range of 0% and 2% approved by state and federal courts in other class actions with PAGA

16  components. See, e.g., *Nordstrom Comm'n Cases* (2010) 186 Cal.App.4th 576, 589 (approving a

17  PAGA settlement allocating $0 to the LWDA); *Hopson v. Hanesbrands, Inc.*, No. CV-08-0844

18  EDL, 2008 WL 338542, at 1 (N.D. Cal. Aug. 8, 2008)(approving a PAGA settlement of .03% or

19  $1,500); *In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864, at 1

20  (S.D. Cal. Apr. 13, 2009)(approving a PAGA Settlement of approximately 2% or $20,000); *Munoz

21  v. UPS Ground Freight, Inc.*, No. C 07-00970 MHP, 2009 WL 1626376, at 1 (N.D. Cal. June 9,

    2009)(approving PAGA settlement of 2% or $60,000).

22       Additionally, the Labor and Workforce Development Agency, the agency tasked with

23  administering PAGA, was provided notice of the Settlement and has not objected or responded to

24  the Settlement.

25  **V. <u>CONCLUSION</u>**

26       For the foregoing reasons, Plaintiffs respectfully request that the Court should grant their

27  Motion for Final Approval and enter the [Proposed] Consent Decree as the Court's order.

28

PLS' NOTICE OF UNOPPOSED MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
ISO FINAL APPROVAL OF CLASS ACTION SETTLEMENT & CONSENT DECREE Case No. 2:17-cv-00196-KJN

1   Dated September 13, 2017                ALTSHULER BERZON LLP

2                                  By:    _____/s/ James M. Finberg_____

3                                           James M. Finberg
                                            Eve H. Cervantez
4                                           Meredith A. Johnson
                                            177 Post Street, Suite 300
5                                           San Francisco, CA 94108
                                            Telephone: (415) 421-7151
6                                           Facsimile:(415) 362-8064
                                            jfinberg@altber.com
7                                           ecervantez@altber.com
                                            mjohnson@altber.com
8

9

10  Dated September 13, 2017                CALIFORNIA RURAL LEGAL ASSISTANCE
                                            FOUNDATION
11
                                   By:    _____/s/ Dawson Morton_____
12                                          Dawson Morton
                                            R. Erandi Zamora
13                                          Alexandra Revelas
                                            2210 K Street, Suite 201
14                                          Sacramento, CA 95816
                                            Telephone: (916) 538-877
15                                          Facsimile: (916) 446-3057
                                            dmorton@crlaf.org
16                                          ezamora@crlaf.org
                                            arevelas@crlaf.org
17

18  Dated September 13, 2017                MAYALL HURLEY P.C.

19                                 By:    _____/s/ Robert J. Wasserman_____
20                                          Robert J. Wasserman
                                            William J. Gorham
21                                          Nicholas J. Scardigli
                                            Vladimir J. Kozina
22                                          2453 Grand Canal Boulevard
                                            Stockton, California 95207-8253
23                                          Telephone:  (209) 477-3833
                                            Facsimile:  (209) 477-4818
24                                          rwasserman@mayallaw.com
                                            wgorham@mayallaw.com
25                                          nscardigli@mayallaw.com
                                            vjkozina@mayallaw.com
26

27

28

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and the Employee and Housing Classes*