ALTSHULER BERZON LLP
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
MEREDITH A. JOHNSON (SBN 291018)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile:(415) 362-8064
jfinberg@altber.com
ecervantez@altber.com
mjohnson@altber.com

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
DAWSON MORTON (SBN 802667, Registered Legal Services Attorney)
R. ERANDI ZAMORA (SBN 281929)
ALEXANDRA REVELAS (SBN 305201)
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 538-877
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and the Employee and Housing Classes*

[Additional Counsel for Plaintiffs listed on next page]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO individually and on behalf of all others similarly situated.**<br>　　　　**Plaintiffs,**<br>vs.<br>**GERARD VAN DE POL; HENRY VAN DE POL; AND GERARD VAN DE POL AND HENRY VAN DE POL d/b/a/ G&H DAIRY**<br>　　　　**Defendant.** | Case No. 2:17-cv-00196-JAM-KJN<br><br>[Proposed] **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND** [Proposed] **CONSENT DECREE** |

MAYALL HURLEY P.C.
ROBERT J. WASSERMAN, Bar No. 258538
WILLIAM J. GORHAM, Bar No. 151773
NICHOLAS J. SCARDIGLI, Bar No. 249947
VLADIMIR J. KOZINA, Bar No. 284645
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 477-4818
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

*Attorneys for individuals HERNAN GUZMAN-PADILLA, CIPRIANO BENITEZ, CARLOS FABIAN TORRES PEREZ, and GUILLERMO BENITEZ SANTOYO and the Employee and Housing Classes*

Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and entirety of [Proposed] Consent Decree came before this Court on October 12, 2017. The proposed settlement in this case was preliminarily approved by this Court on August 16, 2017. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court HEREBY FINDS AND ORDERS as follows:

1. The Court hereby grants final approval of the Class Settlement based upon the terms set forth in the [Proposed] Consent Decree ("Settlement") filed by the parties. The Settlement is fair, adequate, and reasonable to the Class.

2. Except as otherwise specified herein, for purposes of this Final Approval Order, the Court adopts all defined terms set forth in the Settlement.

3. The Court finds that this action satisfies the requirements of Rule 23 and further finds that the Employee Class and Housing Class are adequately represented by the Named Plaintiffs and Class Counsel.

4. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Employee or Housing Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for incentive payments to the Named Plaintiffs, and Class Counsel's motion for an award of attorney's fees and costs.[1]

---

[1] Of the 120 class members, plaintiffs were unable to identify current addresses for eight individuals, whose names were read into the record during the October 12, 2017 hearing. Plaintiffs sent notices to each class member's last known address. For any notices that were returned, plaintiffs sought forwarding addresses from the United States Post Office, as well as from defense counsel. If still unable to find an address for an individual, plaintiffs then attempted to locate that person through a "skip trace" method. At the end of these efforts, plaintiffs were still unable to find addresses for eight individual class members. The parties have agreed that the payments intended for these eight will be reallocated among the remaining 112 class members.

1

[Proposed] Order Granting Final Approval of Class Action Settlement and [Proposed] Consent Decree
Case No. 2:17-cv-00196-KJN

5. The Court finds that the Notice given to the Employee or Housing Class Members fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Employee or Housing Class Members.

6. The Court has concluded that the Settlement, as set forth in [Proposed] Consent Decree is fair, reasonable, and adequate under state and federal laws, and is ordered finally approved. Each Member of the Employee Class and Housing Class will be bound by the Settlement and all terms and provisions of the Settlement. The Court finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after factual and legal investigation. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of comprehensive injunctive relief and $600,000 in monetary relief provided by the [Proposed] Consent Decree.

7. Out of the Employee or Housing Class Members who were notified, none has objected to any aspect of the proposed settlement, and none has opted out. The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

8. The Settlement is HEREBY APPROVED in its entirety.

9. The Settlement Fund shall be dispersed in accordance with the [Proposed] Consent Decree as detailed in the [Proposed] Consent Decree. The Court shall enter the [Proposed] Consent Decree as its order.

10. The Court approves the Settlement of Plaintiffs' PAGA claims as required by Cal. Lab. Code §2699(I)(2).

11. The Action is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce [Proposed] Consent Decree, including over disbursement of the Settlement Fund. If for any reason, the Settlement ultimately does not become final, this Final Approval Order will be vacated, the Parties will return to their respective positions in this action as those positions existed

2

[Proposed] Order Granting Final Approval of Class Action Settlement and [Proposed] Consent Decree
Case No. 2:17-cv-00196-KJN

immediately before the Parties executed the Settlement.

Dated: October 13, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3

[Proposed] Order Granting Final Approval of Class Action Settlement and [Proposed] Consent Decree
Case No. 2:17-cv-00196-KJN